Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
T: 415-772-4700
F: 415-772-4707
*lking@kaplanfox.com*

*[additional counsel on signature page]*

*Counsel for Movant Mark van den Broek and Proposed
Lead Counsel for the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BILINSKY, and DANIEL G. KIRBY,<br><br>Defendants. | Case No.: 5:25-cv-04177-EKL<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MARK VAN DEN BROEK'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Judge: Hon. Eumi K. Lee<br>Courtroom: 7, 4th Floor<br>Date: TBD<br>Time: TBD |
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BILINSKY,<br><br>Defendants. | Case No. 3:25-cv-04199-EKL |

Case Nos. 5:25-cv-04177-EKL & 3:25-cv-04199-EKL

No. of Mo., Mo. & MPA iso Mo. to Consolidate, Appt. Lead Plaintiff, and Approve Co-Lead Counsel

**<u>NOTICE OF MOTION AND MOTION</u>**

**TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on a date and time as set by the Court, in Courtroom 7 of the San Jose Courthouse, 280 South First Street, San Jose, CA 95113, the Honorable Eumi K. Lee presiding, movant Mark van den Broek ("Mr. van den Broek") will, and hereby does, respectfully move this Court, under the Federal Rules of Civil Procedure ("Rule") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order: (1) consolidating the above-captioned securities class actions (the "Related Actions") under Rule 42(a); (2) appointing Mr. van den Broek as lead plaintiff under the PSLRA for a putative class of all persons or entities that purchased Iovance Biotherapeutics, Inc. ("Iovance" or the "Company") securities between May 9, 2024 and May 8, 2025, inclusive (the "Class Period") (the "Class"); (3) approving Mr. van den Broek's selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as lead counsel; and (4) granting such other relief as the Court may deem just and proper.[1]

This motion is made on the grounds that Mr. van den Broek believes that he is the "most adequate plaintiff" possessing claims arising out of the Exchange Act for the Class. 15 U.S.C. § 78u-4(a)(3)(B).  Mr. van den Broek believes he has the largest financial interest and that he meets the requirements of Rule 23 because his claims are typical of the claims of members of the Class and Mr. van den Broek will fairly and adequately represent the Class. Finally, Mr. van den Broek has selected and retained Kaplan Fox to serve as lead counsel, a law firm with substantial experience in prosecuting complex securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

The motion is based on this notice of motion, the supporting memorandum of points and authorities, the Declaration of Laurence D. King in Support of Mr. van den Broek's Motion for Consolidation of the Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel,

---

[1] The related securities actions filed in this District are captioned *Sundaram v. Iovance Biotherapeutics, Inc., et al.*, No. 5:25-cv-04177-EKL (N.D. Cal. May 15, 2025) (the "*Sundaram* Action") and *Farberov v. Iovance Biotherapeutics, Inc., et al.*, No. 3:25-cv-04199-EKL (N.D. Cal. May 15, 2025) (the "*Farberov* Action"). Under the Court's Order dated May 28, 2025 (ECF No. 8 in the *Sundaram* Action), the *Sundaram* Action and *Farberov* Action were deemed related and the *Farberov* Action was reassigned to this Court.

dated July 14, 2025 ("King Decl."), the pleadings and other files and records in each of the Related Actions, and upon such other written or oral argument as may be presented to the Court.

Counsel for Mr. van den Broek is aware of the Court's requirements that the parties meet and confer to identify proposed hearing dates that are amenable to all parties and counsel, however, because it is unknown which members of the proposed Class will seek to be appointed lead plaintiff by the July 14, 2025 deadline, a meet and confer is impracticable at this time, and counsel requests relief from this requirement.

- 2 -   Case Nos. 5:25-cv-04177-EKL & 3:25-cv-04199-EKL

No. of Mo., Mo. & MPA ISO Mo. to Consolidate, Appt. Lead Plaintiff, and Approve Co-Lead Counsel

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF ISSUES TO BE DECIDED ....................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

I.    INTRODUCTION ....................................................................................................1

II.   SUMMARY OF THE RELATED ACTIONS ..........................................................2

III.  ARGUMENT............................................................................................................4

      A.   The Court Should Consolidate the Related Actions ..................................4

      B.   Legal Standards and Procedures for Appointment of Lead Plaintiff and Lead Counsel ...........................................................................5

            1.   Mr. van den Broek has the Largest Financial Interest .................................6

            2.   Mr. van den Broek Satisfies Rule 23 ..........................................................6

                a.   Mr. van den Broek's Claims are Typical .........................................7

                b.   Mr. van den Broek is Adequate ..........................................................7

                c.   This Court Should Approve Mr. van den Broek's Selection of Counsel ...........................................................................8

IV.   CONCLUSION.........................................................................................................9

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Cohen v. U.S. Dist. Court for N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ...................................................................................8

*Evellard v. LendingClub Corp.*,
    No. C 16-02627 WHA, 2016 WL 9108914 (N.D. Cal. Aug. 15, 2016)....................................4

*Felix v. Symantec Corp.*,
    No. C 18-02902 WHA, 2018 WL 4029053 (N.D. Cal. August 23, 2018) ................................4

*Greene v. Granite Construction Inc.*,
    No. C 19-04744 WHA, 2019 WL 6327229 (N.D. Cal. Nov. 26, 2019)...................................7

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .................................................................................7

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ..................................................................................7

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ............................................................................*passim*

*In re Century Aluminum Co. Sec. Litig.*,
    No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009)............................4

*Luna v. Marvell Tech. Grp. Ltd*,
    No. 15-cv-05447-RMW, 2016 WL 469422  (N.D. Cal. Feb. 8, 2016) ....................................8

*Mehedi v. View, Inc.*,
    No. 21-CV-06374-BLF, 2022 WL 377406 (N.D. Cal. Feb. 8, 202 2) ....................................5

*Mohanty v. BigBand Networks, Inc.*,
    No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 14, 2008)........................4

*Mulligan v. Impax Labs, Inc.*,
    No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013)........................4

*Richardson v. TVIA, Inc.*,
    No. C-06-6304 RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)................7, 8

*Siegall v. Tibco Software, Inc.*,
    No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780 (N.D. Cal. 2006)....................................6

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ..................................................................................8

*Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*,
    231 F.3d 1215 (9th Cir. 2000) .................................................................................1

**STATUTES**

15 U.S.C. § 78j(b)...............................................................................................1

## TABLE OF AUTHORITIES

**Page(s)**

15 U.S.C. § 78t(a) ........................................................................................................1

15 U.S.C. § 78u-4(a)(1) ......................................................................................*passim*

### RULES

Fed. R. Civ. P. 23..............................................................................................*passim*

Fed. R. Civ. P. 42................................................................................................1, 4, 9

Civ. L.R. 23-1(b) .........................................................................................................6

### REGULATIONS

17 C.F.R. § 240.10b-5 .................................................................................................1

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court should consolidate the Related Actions under Rule 42(a).

2.      Whether Mr. van den Broek should be appointed Lead Plaintiff under the PSLRA.

3.      Whether the Court should approve Mr. van den Broek's selection of Kaplan Fox as Lead Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Mr. van den Broek respectfully submits this memorandum of law in support of his motion for: (1) consolidation of the Related Actions under Rule 42(a); (2) appointment as lead plaintiff for the Class, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; (3) approval of his selection of Kaplan Fox as lead counsel for the Class; and (4) such other relief as the Court may deem just and proper.  Mr. van den Broek believes that he has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed lead plaintiff for the Class and to have his selection of counsel approved.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb) and 78u-4(a)(3)(B)(v); *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1217 (9th Cir. 2000); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

**I.      INTRODUCTION**

The Related Actions are brought under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Iovance, Frederick G. Vogt ("Vogt"), Jean-Marc Bellemin ("Bellemin"), Igor P. Bilinsky ("Bilinsky"), and Daniel G. Kirby ("Kirby") (collectively, the "Defendants") for violations of the federal securities laws relating to Defendants' alleged false and misleading statements throughout the Class Period.

/ / /

/ / /

/ / /

The Related Actions consist of the following cases:

| Case Name | Case Number | Date Filed | Class Definition |
|---|---|---|---|
| *Sundaram* Action | 5:25-cv-04177-EKL | May 15, 2025 | "all investors who purchased or otherwise acquired Iovance securities between August 8, 2024, to May 8, 2025, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class")" |
| *Farberov* Action | 3:25-cv-04199-EKL | May 15, 2025 | "all persons and entities that purchased or otherwise acquired Iovance securities between May 9, 2024 and May 8, 2025, inclusive, and who were damaged thereby (the "Class")."[2] |

Under the PSLRA, after consolidation, this Court must appoint the member of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Mr. van den Broek believe that he is the movant with the largest financial interest that otherwise meets the applicable requirements under Rule 23.

Finally, Mr. van den Broek respectfully requests that the Court approve Kaplan Fox as Lead Counsel for the Class. *See* § III.C.2.c., *infra*; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II.    SUMMARY OF THE RELATED ACTIONS

On May 15, 2025, the *Sundaram* Action and *Farberov* Action were filed and notice was published to class members, as required by 15 U.S.C. § 78u-4(a)(3)(A)(i) of the Exchange Act (the "Notice"). *See* King Decl., Exh. 1; ECF No. 4 in the *Farberov* Action. The Notice advised purchasers of Iovance securities of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and conduct that allegedly damaged investors. *Id.* The Notice further advised class members of their right to move the Court to be appointed lead plaintiff within 60 days of the publication of the Notice. *Id.*

---

[2] For purposes of determining the "most adequate plaintiff" under the PSLRA, the longer class period alleged in the *Farberov* Action is appropriate period to consider. *See e.g., In re Bear Stearns Co. Inc. Deriv., & ERISA Litig.*, No. 08 M.D.L. 1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods "lead plaintiff analysis should utilize the most inclusive class period because it encompasses more potential class members").

The Related Actions allege that Iovance is a commercial-stage biopharmaceutical company which develops and commercializes cell therapies for the treatment of metastatic melanoma and other solid tumor cancers. *Sundaram* Action, ECF No. 1 ("*Sundaram* Compl."), ¶21; *Farberov* Action, ECF No. 1 ("*Farberov* Compl."), ¶2. The Company's key product is Amtagvi® (lifileucel), a tumor derived autologous T cell immunotherapy used to treat adult patients with unresectable or metastatic melanoma. *Sundaram* Compl., ¶22; *Farberov* Compl., ¶2. The Company received FDA approval for Amtagvi on February 16, 2024. *Farberov* Compl., ¶2. The Company commercially launched Amtagvi on February 20, 2024. *Id*.

Throughout the Class Period, Defendants made materially false and misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. *Sundaram* Compl., ¶3; *Farberov* Compl., ¶5. Specifically, Defendants made false and misleading statements and failed to disclose that: (1) new Authorized Treatment Centers ("ATC") were experiencing longer timelines to begin treating patients with Amtagvi; (2) the Company's sales team and new ATCs were ineffective in patient identification and patient selection for Amtagvi, leading to higher patient drop-offs; (3) the foregoing dynamics led to higher costs and lower revenue because ATCs could not keep pace with manufactured product; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Farberov* Compl., ¶5. It is also alleged that Defendants created the false impression that they possessed reliable information pertaining to the Company's projected revenue outlook and anticipated growth while also minimizing risk from seasonality and macroeconomic fluctuations. Compl., ¶35.

On May 8, 2025, after the market closed, Iovance released its first quarter 2025 financial results, revealing a quarterly total product revenue of $49.3 million, a significant decline from the prior quarter's $73.7 million. *Sundaram* Compl., ¶36; *Farberov* Compl., ¶3. The Company also announced its full fiscal year 2025 total product revenue guidance had been slashed from $450-475 million to $250-300 million, a reduction of over 40% at the midpoint. *Sundaram* Compl., ¶36; *Farberov* Compl., ¶3. The Company revealed that it was "revising full-year 2025 revenue guidance to reflect recent launch dynamics" of Amtagvi. *Sundaram* Compl., ¶36; *Farberov* Compl., ¶3. The

Company further revealed "[t]he updated forecast considers experience with ATC []growth trajectories and treatment timelines for new ATCs." *Sundaram* Compl., ¶36; *Farberov* Compl., ¶3.

On this news, the price of Iovance shares declined $1.42 per share, or 44.8%, from a closing price on May 8, 2025 of $3.17 per share, to close at $1.75 per share on May 9, 2025, on unusually heavy trading volume. *Sundaram* Compl., ¶40; *Farberov* Compl., ¶4.

## III.    ARGUMENT

### A.    The Court Should Consolidate the Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u–4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.* The Related Actions are based on substantially similar facts, allege similar Class Periods and assert the same violations of the Exchange Act against similar defendants, and therefore they should be consolidated.

Consolidation under Rule 42(a) is proper where actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Felix v. Symantec Corp.*, No. C 18-02902 WHA, 2018 WL 4029053, at *1-2 (N.D. Cal. Aug. 23, 2018); *Evellard v. LendingClub Corp.*, No. C 16-02627 WHA, 2016 WL 9108914, at *2 (N.D. Cal. Aug. 15, 2016); *Mulligan v. Impax Labs, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *3 (N.D. Cal. July 2, 2013); *Mohanty v. BigBand Networks, Inc.*, No. C 07-5101 SBA, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008).  Courts recognize that class action shareholder suits are well-suited for consolidation because consolidation conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *2 (N.D. Cal. Sept. 8, 2009); *Mohanty*, 2008 WL 426250, at *3-4. In an effort to ensure consistent rulings and to avoid unduly burdensome duplication of labor and expense, the Court should consolidate the Related Actions.

### B.   Legal Standards and Procedures for Appointment of Lead Plaintiff and Lead Counsel

The PSLRA governs the procedure for selection of lead plaintiff in all private class actions under the Exchange Act. 15 U.S.C. § 78u-4(a)(3). Under the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id.* at § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)). This notice must be published within 20 days of the filing of the complaint. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. *See id.* at 78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. In calculating financial stakes, "the court may select accounting methods that are both rational and consistently applied." *Id.* at 730 n.4; *Mehedi v. View, Inc.*, No. 21-CV-06374-BLF, 2022 WL 377406, at *3 (N.D. Cal. Feb. 8, 2022). The court must then determine whether the individual with the largest financial stake, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.' " *Id.* at 730. If the plaintiff with the largest financial interest satisfies these requirements, he or she becomes the "presumptively most adequate plaintiff." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that [he or she] satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing

the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732.

As set forth in the Notice, class members may move to be appointed lead plaintiff for the Related Actions by July 14, 2025. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *see also* Civ. L.R. 23-1(b). Under the PSLRA's provisions, and within the requisite time frame after publication of the Notice, Mr. van den Broek timely moves this Court to be appointed lead plaintiff on behalf of the Class.

### 1.   Mr. van den Broek has the Largest Financial Interest

Mr. van den Broek suffered substantial losses as a result of purchasing Iovance shares at artificially inflated prices. *See* King Decl., Exhs. 2, 3. Mr. van den Broek is not aware of any other movant with a larger financial interest, believes he has the largest financial interest of any lead plaintiff movant, and therefore believes he is presumptively entitled to appointment as lead plaintiff.

### 2.   Mr. van den Broek Satisfies Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1)   the class is so numerous that joinder of all members is impracticable;
>
> (2)   there are questions of law or fact common to the class;
>
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1050173, at *5 (N.D. Cal. Feb. 24, 2006) ("In the context of

determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are key factors.") (citations omitted).  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the appointed lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730; *Richardson v. TVIA, Inc.*, No. C 06 6304 RMW, 2007 WL 1129344, at \*4 (N.D. Cal. Apr. 16, 2007); *see also Greene*, 2019 WL 6327229, at \*2. As detailed below, Mr. van den Broek satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff on behalf of the Class.

### a.    Mr. van den Broek's Claims are Typical

Under Rule 23(a)(3), "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation omitted); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."); *Greene*, 2019 WL 6327229, at \*2; *Richardson*, 2007 WL 1129344, at \*4.

The claims asserted by Mr. van den Broek are based on the same legal theory and arise out of the same course of events as the other purported Class members' claims. Mr. van den Broek purchased Iovance securities, as did each member of the Class, at prices artificially inflated or otherwise manipulated by Defendants' untrue statements of material fact and material omissions and was damaged thereby. Thus, Mr. van den Broek satisfies the typicality requirement of Rule 23(a). Mr. van den Broek resides in Roosendaal, Netherlands. He obtained a bachelor's degree in business administration from Avans University and is a project manager for the national police of the Netherlands.

### b.    Mr. van den Broek is Adequate

The adequacy requirement of Rule 23(a) is met when the prospective lead plaintiff has selected qualified, experienced counsel and there are no "conflicts between the representative and

- 7 -    Case Nos. 5:25-cv-04177-EKL & 3:25-cv-04199-EKL

class interests." *Richardson*, 2007 WL 1129344, at *4; *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Luna v. Marvell Tech. Grp. Ltd*, No. 15-cv-05447-RMW, 2016 WL 469422, at *3 (N.D. Cal. Feb. 8, 2016). Here, Mr. van den Broek's interests are aligned with the members of the proposed Class, and there is no evidence of any antagonism between Mr. van den Broek's interests and those of the proposed Class. As detailed above, Mr. van den Broek's claims raise similar questions of law and fact as claims of the members of the Class, and Mr. van den Broek's claims are typical of the members of the Class.

Further, Mr. van den Broek has demonstrated his adequacy and willingness to serve as and assume lead plaintiff responsibilities. The signed Certification of Mr. van den Broek evidence his understanding of the duties he owes to the Class and his commitment to monitor this class action and oversee counsel. *See* King Decl., Exh. 2. This evidence demonstrates that Mr. van den Broek accepts the fiduciary obligations he will assume if appointed lead plaintiff in this action.

Finally, Mr. van den Broek has selected Kaplan Fox—counsel highly experienced in prosecuting complex securities class actions—to represent him. *See* King Decl., Exh. 5. The close alignment of interests between Mr. van den Broek and other members of the Class, and his strong desire to prosecute this action on behalf of the Class, provide ample reason to grant Mr. van den Broek's motion for appointment as lead plaintiff on behalf of the Class. Accordingly, Mr. van den Broek satisfies the prerequisites for appointment as lead plaintiff under the Exchange Act.

### c.  This Court Should Approve Mr. van den Broek's Selection of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11. Thus, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (citation omitted). Mr. van den Broek has retained Kaplan Fox to file a lead plaintiff motion, and to serve as lead counsel to pursue this litigation on behalf of himself and the proposed Class. Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* King

Decl., Exh. 4. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the Class will receive the highest caliber of legal representation available.

## IV.    CONCLUSION

For all of the foregoing reasons, Mr. van den Broek respectfully requests that the Court grant his motion and: (1) consolidate the Related Actions under Rule 42; (2) appoint him lead plaintiff; (3) approve his choice of Kaplan Fox as lead counsel; and (4) grant such other relief as the Court may deem just and proper.

DATED:  July 14, 2025

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:    /s/ *Laurence D. King*
          Laurence D. King

Laurence D. King (SBN 206423)
1999 Harrison Street, Suite 1560
Oakland, CA 94612

T: 415-772-4700
F:  415-772-4707
*lking@kaplanfox.com*

Jeffrey P. Campisi (*pro hac vice* to be filed)
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
T: 212-687-1980
F: 212-687-7714
*jcampisi@kaplanfox.com*

*Counsel for Movant Mark van den Broek and Proposed Lead Counsel for the Proposed Class*