MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
GIA JUNG (SBN 340160)
gjung@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone:   (650) 697-6000
Facsimile:    (650) 697-0577

*Attorneys for Proposed Lead Plaintiff Peter Jay Guthy*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>         v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BILINSKY, and DANIEL G. KIRBY,<br><br>                    Defendants. | CASE NO: 5:25-cv-04177-EKL<br><br>**PETER JAY GUTHY'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         TBD<br>Time:         10:00 a.m.<br>Courtroom:  7, 4th floor<br>Judge:         Honorable Eumi K. Lee |
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>         v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. BOGT, JEAN-MARC BELLEMIN, and IGOR P. BILINSKY,<br><br>                    Defendants. | Case No. 3:25-cv-04199-EKL |

**NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL;  Case No. 5:25-cv-04177-EKL**

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 3, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard, movant Peter Jay Guthy will, and hereby does, move the United States District Court for the Northern District of California, before the Honorable Eumi K. Lee, in Courtroom 7 of the San Jose Courthouse, located at 280 South First Street, San Jose, California 95113, for an order:

- Appointing Peter Jay Guthy as Lead Plaintiff pursuant to § 21D(a)(3)(B)(i), (iii) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii), *et seq*.;

- Approving Guthy's selection of the law firm Cotchett, Pitre & McCarthy, LLP to serve as Lead Counsel for the class pursuant to § 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v); and

- Granting such other and further relief as the Court deems just and proper.

This motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Mark C. Molumphy and attached exhibits, and proposed order.

Dated: July 14, 2025

Respectfully Submitted,

COTCHETT, PITRE & MCCARTHY, LLP

  */S/ MARK C. MOLUMPHY*
  Mark C. Molumphy

MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
GIA JUNG (SBN 340160)
gjung@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Proposed Lead Plaintiff Peter Jay Guthy*

---

**NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL;  Case No. 5:25-cv-04177-EKL**

## I. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Peter Jay Guthy ("Mr. Guthy") as lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii), because he is the presumptive most adequate plaintiff (by having the largest financial interest in the outcome of the litigation), and otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a)?

2. Whether the Court should approve Mr. Guthy's selection of the law firm Cotchett, Pitre & McCarthy, LLP ("CPM"), as lead counsel for the class under 15 U.S.C. § 78u-4(a)(3)(B)(v)?

## II. INTRODUCTION

Mr. Guthy seeks appointment as lead plaintiff and approval of his lead counsel of choice by the Court, as required by the Securities Exchange Act of 1934 ("the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"):

Specifically, the PSLRA requires that the Court appoint as lead plaintiff the "most adequate plaintiff" to represent the class. The "most adequate plaintiff" is the one who has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii)(I). Here, Mr. Guthy should be appointed as lead Plaintiff because, to the best of counsel's knowledge, (1) Mr. Guthy has the largest financial interest in the relief sought by the class based on losses from the purchase of 5,100 shares of Iovance stock and 1,005 Iovance call options during the Class Period (*see* Declaration of Mark C. Molumphy ("Molumphy Decl."), Ex. C); and (2) Mr. Guthy's claims are typical of the claims of the class and they will fairly and adequately represent the interests of the class. *See* 15 U.S.C. § 77u-4(a)(3)(B)(iii).

The Court should approve Mr. Guthy's selection of CPM as Lead Counsel for the class because it is eminently qualified and highly experienced in complex securities class actions and has the ability and resources to efficiently prosecute this action. *See* 15 U.S.C. § 74u-4(a)(3)(B)(v). Accordingly, the Court should grant Mr. Guthy's motion in its entirety.

### III. BACKGROUND

**A. The Class's Claims**

This is a class action on behalf of persons and entities that purchased or otherwise acquired Iovance securities between May 9, 2024 and May 8, 2025, inclusive (the "Class Period"). Mr. Guthy seeks to pursue claims alleged against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act"). *See* ¶¶ 1-6.[1]

Iovance is a commercial-stage biopharmaceutical company which develops and commercializes cell therapies for the treatment of metastatic melanoma and other solid tumor cancers. ¶ 2. The Company's top priority is the commercialization of Amtagvi® (lifileucel), a tumor-derived autologous T cell immunotherapy used to treat adult patients with unresectable or metastatic melanoma. *Id.*

On May 8, 2025, after the market closed, Iovance released its first quarter 2025 financial results, revealing a quarterly total product revenue of $49.3 million, a significant decline from the prior quarter's $73.7 million. ¶ 3. The Company also announced that its full fiscal year 2025 total product revenue guidance had been slashed from $450–$475 million to $250–$300 million, a reduction of over 40% at the midpoint. *Id.* The Company revealed it was "revising full-year 2025 revenue guidance to reflect recent launch dynamics" of Amtagvi. *Id.* The Company further revealed "[t]he updated forecast considers experience with ATC [authorized treatment center] growth trajectories and treatment timelines for new ATCs. *Id.* On this news, the price of Iovance shares declined $1.42 per share, or 44.8%, to close at $1.75 per share on May 9, 2025, on unusually heavy trading volume. ¶ 4.

As alleged, Defendants made materially false and/or misleading statements throughout the class period, and failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants made false and/or misleading statements regarding and/or failed to disclose that: (1) new Authorized Treatment Centers were experiencing longer timelines to begin treating patients with Amtagvi; (2) the Company's sales team and new ATCs were ineffective in patient identification and patient selection for Amtagvi, leading to higher patient drop-offs; (3) the foregoing dynamics led to higher costs and lower revenue because ATCs could not keep pace with manufactured

---

[1] All citations to ¶_ refer to the Farberov Complaint, Case 5:25-cv-04199-EKL [DKT 1].

product; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Class members have suffered significant losses and damages. ¶ 6.

**B.  Procedural History**

On May 15, 2025, two complaints were filed in the Northern District of California in connection with this matter. The first was brought on behalf of plaintiff Karthik Trichur Sundaram, represented by Levi & Korsinsky, LLP; the second, on behalf of plaintiff Dimitry Farberov, represented by Glancy Prongay & Murray. A timely notice of pendency of the class action was published, advising members of the proposed class of their right to move this Court to serve as lead plaintiff no later than 60 days from the date of publication of the notice, or by July 14, 2025.

In compliance with this deadline, Mr. Guthy now moves for appointment as lead plaintiff and approval of his selection of lead counsel.

### IV.   ARGUMENT

**A.  The Court Should Appoint Mr. Guthy as Lead Plaintiff**

The Exchange Act, as amended by the PSLRA, establishes a three-step procedure governing the appointment of a lead plaintiff in securities class actions. *See* 15 U.S.C. § 78u-4(a)(1)–(3)(B)(i)–(iii). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Notice"). 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, within 60 days after publication of the Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)–(B).

Finally, within 90 days after publication of the Notice, the court is required to consider any motion made by a class member and to appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B). The most adequate plaintiff is the one who has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the

Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)–(II).

As demonstrated below, Mr. Guthy meets these requirements and should be appointed to serve as lead plaintiff.

### 1. Mr. Guthy Has Timely Moved for Appointment as Lead Plaintiff

Mr. Guthy makes this motion for appointment as lead plaintiff on July 14, 2025—within 60 days of the notice. Mr. Guthy has signed and filed a certification, as well as a joint declaration, stating his willingness to serve as a representative party on behalf of the Class. *See* Molumphy Decl. Exs. A, B. In addition, the Mr. Guthy has selected and retained experienced and competent counsel to represent the group members and the class. *See* Molumphy Decl. Ex. D. Accordingly, Mr. Guthy is entitled to be considered for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).

### 2. Mr. Guthy Has the Largest Financial Interest in the Relief Sought by the Class

Based on the evidence contained in the group members' certifications, Mr. Guthy believes that he has the largest financial interest in the relief sought in this litigation. Specifically, Mr. Guthy suffered losses from purchasing 5,100 shares of Iovance stock and 1,005 Iovance call options during the Class Period. *See* Molumphy Decl. Ex. C. The value of Iovance stock and stock options dropped approximately 50% on May 9, 2025. Courts have consistently recognized that losses from options holdings are recoverable as part of a claimant's overall damages. *See In Re Bridgestone Inv. Corp. Limited*, 789 Fed.Appx. 13, 2 (N.D. Cal. 2019) (finding a substantial portion of the plaintiff's asserted losses to be derived from call options); *see also In re Fibrogen, Inc.*, 2024 U.S. Dist. LEXIS 25384, at *5 (N.D. Cal. Feb. 13, 2024) (certifying a settlement class that included options holders). Because Mr. Guthy has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, Mr. Guthy should be appointed lead plaintiff pursuant to 15 U.S.C. § 77u-4(a)(3)(B).

The PSLRA is unequivocal in its instruction that the district court "shall adopt a presumption that the most adequate plaintiff in any private action arising under [the Exchange Act] is *the person* or group of persons that … has the largest financial interest in the relief sought by the class [and] otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphases added).

Appointment of Mr. Guthy as lead plaintiff is appropriate because he has submitted evidence of his ability to represent the class. In his declaration, Mr. Guthy states that he is a seasoned business professional with decades of experience managing business operations and investing in the stock market. *See* Molumphy Decl. Ex. A at ¶4. He holds a bachelor's degree in business economics and possesses extensive expertise in sales, marketing, and advertising. *Id.* These qualifications sufficiently demonstrate Mr. Guthy's adequacy for group appointment. *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 669 (C.D. Cal. 2005).

### 3. Mr. Guthy Satisfies Rule 23 of the Federal Rules of Civil Procedure

Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a). Of the four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff, and, at this stage, those findings need only be "preliminary." *See Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) ("All that is required at this stage of litigation is a preliminary showing of typicality and adequacy.").

Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *See id.* Here, the claims asserted by Mr. Guthy are typical of the claims of the other members of the putative class because, like all other class members, Mr. Guthy bought Iovance securities at prices artificially inflated by Iovance's materially false and misleading statements or omissions, and suffered damages as a consequence. Since the claims are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other class members, typicality is satisfied. *See id.*; *see also* Newberg, *et al.*, NEWBERG ON CLASS ACTIONS, § 3:13 (4th ed. 2008).

1    With respect to adequacy, a plaintiff is an adequate class representative when it possesses
2 common interests and an absence of conflict with fellow class members, and the plaintiff's attorneys are
3 qualified, experienced, and vigorously able to conduct the litigation. *See Ferrari*, 225 F.R.D. at 607.
4 Mr. Guthy is "adequate" to serve as a class representative in this litigation because his interests are
5 clearly aligned with the interests of the putative class. Mr. Guthy suffered losses as a result of buying
6 Iovance securities due to Iovance's allegedly wrongful conduct. Mr. Guthy will, therefore, benefit from
7 the same relief as other class members. In short, there is no evidence of antagonism between Mr. Guthy
8 and the putative class.

### B. The Court Should Approve Mr. Guthy's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 77u-4(a)(3)(B)(iii)(II)(aa).

Mr. Guthy has selected CPM to represent the class. The firm has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Molumphy Decl. Ex. D. Specifically, CPM has served as lead or co-lead counsel in many securities fraud class actions and recovered hundreds of millions of dollars for victims of securities fraud, as reflected by the firm's resume (attached as Exhibit D to the Molumphy Declaration).

In sum, CPM has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Mr. Guthy's selection of legal counsel, the members of the class will receive the best legal representation available.

///

///

## V. CONCLUSION

For all the foregoing reasons, Mr. Guthy respectfully requests that the Court: (1) appoint Mr. Guthy as lead plaintiff; and (2) approve the selection of Cotchett, Pitre & McCarthy, LLP to serve as Lead Counsel.

Dated: July 14, 2025

Respectfully submitted,

COTCHETT, PITRE & MCCARTHY, LLP

 /s/Mark C. Molumphy
Mark C. Molumphy

MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
GIA JUNG (SBN 340160)
gjung@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone:(650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Proposed Lead Plaintiff Peter Jay Guthy*