**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email:  lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*
*Additional counsel on signature page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BLINSKY, and DANIEL G. KIRBY, <br><br> Defendants. | Case No. 5:25-cv-04177-EKL <br><br> **NOTICE OF MOTION AND MOTION OF LINDY MERRILL AND TONY DJIE TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS CO-LEAD PLAINTIFF, AND FOR APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> <u>CLASS ACTION</u> <br><br> Judge: Eumi K. Lee <br> Hearing: October 1, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 7 – 4th Floor |

[Additional caption on next page]

1

| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 5:25-cv-04199-EKL |
|---|---|---|
| Plaintiff, | ) ) ) | CLASS ACTION |
| v. | ) ) ) | Judge: Eumi K. Lee |
| IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BLINSKY, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**PLEASE TAKE NOTICE** that on October 1, 2025, at 10:00 a.m. before the Honorable Eumi K. Lee, movants Lindy Merrill and Tony Djie ("Movants") will and do move this Court for an order granting the Motion: (a) consolidating the above captioned actions; (b) appointing Movants as Co-Lead Plaintiffs; and (c) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on the grounds that: (1) the above captioned cases meet the requirements for consolidation under Fed. R. Civ. P. 42(a) and should therefore be consolidated; (2) Movants should be appointed as Lead Plaintiff for the class of purchasers of Iovance Biotherapeutics, Inc. ("Iovance" or "the Company") securities between May 9, 2024 and May 8, 2025, inclusive (the "Class Period"), as Movants timely made this Motion, have the largest financial interest, and otherwise satisfy the pertinent requirements of Federal Rule of Civil Procedure 23; and (3) Movants' selection of Rosen Law as Lead Counsel should be approved as the firm is well-qualified, with extensive experience in cases of this type.

NOTICE OF MOTION AND MOTION OF LINDY MERRILL AND TONY DJIE TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS CO-LEAD PLAINTIFF, AND FOR APPROVAL OF COUNSEL; MEMORANDUM OF P&A IN SUPPORT THEREOF – Case No. 5:25-cv-04177-EKL

In support of this Motion, Movants file herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to L.R. 3-7(d), a certification pursuant to L.R. 3-15, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movants respectfully submit this memorandum in support of the above noticed motion.

## I.    STATEMENT OF ISSUES TO BE DECIDED

(1)    Whether the Court should consolidate the above captioned cases;

(2)    Whether the Court should appoint Movants as Co-Lead Plaintiffs pursuant to 15 U.S.C. 78u-4(a)(3)(B); and

(3)    Whether the Court should approve Movants' selection of Rosen Law as Lead Counsel for the class, pursuant to 15 U.S.C. 78u-4(a)(3)(B)(v).

## II.    CLAIMS ASSERTED

The initial complaint in this matter was filed on May 15, 2025, asserting claims against Defendants for violations of §§ 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. The above-captioned related action, case no. 5:25-cv-04199, was subsequently filed on the same day, asserting substantially similar facts and claims as the instant action, but extending the start of the class period to August 8, 2024, and removing an individual Defendant, Daniel G. Kirby. On May 16, 2025, an early notice pursuant to the PSLRA was issued, advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Defendant Iovance is a California-based biopharmaceutical company which develops and commercializes cell therapies for the treatment of metastatic melanoma and other solid tumor cancers. The Company's common stock trades on the NASDAQ Exchange under the ticker symbol "IOVA." This case concerns the commercialization of Amtagvi (lifileucel), a tumor-derived autologous T cell immunotherapy used to treat adult patients with unresectable or metastatic melanoma. The Company received FDA approval for Amtagvi on February 16, 2024, and commercially launched Amtagvi on February 20, 2024.

The complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants mislead investors about the fact that, and/or failed to disclose that: (1) new Authorized Treatment Centers ("ATCs") were experiencing longer timelines to begin treating patients with Amtagvi; (2) the Company's sales team and new ATCs were ineffective in patient identification and patient selection for Amtagvi, leading to higher patient drop-offs; (3) the foregoing dynamics led to higher costs and lower revenue because ATCs could not keep pace with manufactured product; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On May 8, 2025, after the market closed, Iovance released its first quarter 2025 financial results, revealing a quarterly total product revenue of $49.3 million, a significant decline from the prior quarter's $73.7 million. The Company also announced its full fiscal year 2025 total product revenue guidance had been slashed from $450 million - $475 million to $250 million - $300 million, a reduction of over 40% at the midpoint. The Company revealed it was "revising full-year 2025 revenue guidance to reflect recent launch dynamics" of Amtagvi. The Company

4

further revealed "[t]he updated forecast considers experience with ATC growth trajectories and treatment timelines for new ATCs."

On this news, the price of Iovance shares declined $1.42 per share, or 44.8%, to close at $1.75 per share on May 9, 2025, on unusually heavy trading volume.. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### 1.    The Related Actions Should Be Consolidated

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by defendants arising from the public dissemination of false and misleading information to investors. Specifically, both complaints allege that Defendants made misleading statements

and/or omissions regarding the marketplace performance of the drug Amtagvi. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### 2. Movant Should Be Appointed Lead Plaintiff

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;
(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy the above criteria, having the largest financial interest of any movants in this litigation, and are therefore the most adequate plaintiffs and should be appointed as Co-Lead Plaintiffs.

### A. Movants Are Willing to Serve as Class Representatives

Movants timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movants are willing to serve as representatives of the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2 & 3. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiff.

### B.  Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To determine which movant has the largest financial interest, Courts in this Circuit typically apply the *Olsten-Lax* factors, which are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class periods; and (4) the approximate losses suffered." *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (citing I*n re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y.1998).

Here, Movants: (i) purchased 2,911,660 shares of Iovance; (ii) retained 2,025,410 shares of Iovance; (iii) expended a net sum of $7,699,347 on those purchases; and (iv) as a result, incurred losses of approximately $5,622,539. *See* Rosen Decl., Ex. 4 (Movants' loss chart). Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C.  Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

7

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movants satisfy the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus …" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movants fulfill all of the pertinent requirements of Rule 23. Movants share substantially similar questions of law and fact with the members of the Class, and Movants' claims are typical of the members of the Class. Movants and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movants, as did all of the members of the Class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movants and other Class members, and Movants' desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movants as Co-Lead Plaintiffs. Prior to making this motion Messrs. Merrill and Djie, among other things, were introduced to each other, established and used a dedicated case-related chat protocol for their lead plaintiff motion and this case, and agreed to move as Co-Lead Plaintiffs.  Mr. Merrill, a resident of Texas, is a sophisticated businessperson and investor.  Mr. Merrill owns and runs a homebuilding company in Beamont, Texas.  Mr. Merrill also owns a 96-unit apartment

NOTICE OF MOTION AND MOTION OF LINDY MERRILL AND TONY DJIE TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS CO-LEAD PLAINTIFF, AND FOR APPROVAL OF COUNSEL; MEMORANDUM OF P&A IN SUPPORT THEREOF  – Case No. 5:25-cv-04177-EKL

complex.   As such, Mr. Merrill has ample experience overseeing counsel. Likewise, Mr. Djie, a resident of Encino, California, is a sophisticated investor.  Mr. Djie studied at UCLA, has been investing for 25 years. He runs a manufacturing business, and is a sophisticated investor and businessperson.   Mr. Djie also has ample experience overseeing counsel.  Together, they bring a wealth of experience and are qualified to represent the class.

### D. Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Movants as Co-Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movants' ability and desire to fairly and adequately represent the Class has been discussed above. Movants are not aware of any unique defenses that Defendants could raise against Movants that would render Movants inadequate to represent the Class. Furthermore, both Movants are aware of their joint responsibility to the class as Co-Lead Plaintiffs, and are in a group chat created for the purpose of coordinating the efficient prosecution of this matter. Accordingly, the Court should appoint Movants as Co-Lead Plaintiff for the Class.

### 3. Movants' Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with

the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Rosen Law as Lead Counsel and Schall Law as Additional Counsel. The firms have been actively researching the claims of Movants and the putative class, reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. Rosen Law has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. Rosen Law's firm resume is attached as Exhibit 5 to the Rosen Declaration.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of counsel, the members of the Class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movants as Co-Lead Plaintiff of the Class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: July 14, 2025                     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Additional Counsel*

11

NOTICE OF MOTION AND MOTION OF LINDY MERRILL AND TONY DJIE TO CONSOLIDATE
RELATED ACTIONS, FOR APPOINTMENT AS CO-LEAD PLAINTIFF, AND FOR APPROVAL OF
COUNSEL; MEMORANDUM OF P&A IN SUPPORT THEREOF – Case No. 5:25-cv-04177-EKL

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On July 14, 2025, I electronically filed the following **NOTICE OF MOTION AND MOTION OF LINDY MERRILL AND TONY DJIE TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS CO-LEAD PLAINTIFF, AND FOR APPROVAL OF COUNSEL; MEMORANDUM OF P&A IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on July 14, 2025.


/s/Laurence M. Rosen

Laurence M. Rosen

NOTICE OF MOTION AND MOTION OF LINDY MERRILL AND TONY DJIE TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS CO-LEAD PLAINTIFF, AND FOR APPROVAL OF COUNSEL; MEMORANDUM OF P&A IN SUPPORT THEREOF  – Case No. 5:25-cv-04177-EKL