**KIRBY McINERNEY LLP**
Robert J. Gralewski, Jr. (CSB # 196410)
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Telephone: (858) 534-2044
Email: bgralewski@kmllp.com

*Counsel for Lead Plaintiff Movant the IOVA
Investor Group and Proposed Lead Counsel
for the Class*

*- Additional Counsel on Signature Block -*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BILINSKY, and DANIEL G. KIRBY,<br><br>Defendants. | Case No.: 5:25-cv-04177-EKL<br><br>**NOTICE OF MOTION AND MOTION OF THE IOVA INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 1, 2025<br>Time: 10:00 a.m.<br>Courtroom: San Jose, Courtroom 7—4th Floor<br>Judge: Eumi K. Lee |
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BILINSKY,<br><br>Defendants. | Case No.: 5:25-cv-04199-JD |

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:25-cv-04177-EKL

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 1, 2025 at 10:00 a.m. or as soon or as soon thereafter as the matter can be heard in the courtroom of the Honorable Eumi K. Lee, in San Jose Courthouse, Courtroom 7, 4th Floor, 280 South 1st Street, San Jose, CA 95113, Lee Schweizer, Michael A. Macchione, Ann Marie Macchione, Bradford J. Tierney, and Christopher J. Amoruso ("the IOVA Investor Group"), will move this Court for entry of an Order: (i) consolidating the above-captioned actions, (ii) appointing the IOVA Investor Group as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); and (iii) approving the IOVA Investor Group's selection of the law firm of Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel for Lead Plaintiff and the proposed class.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and the Federal Rules of Civil Procedure. In support of this Motion, the IOVA Investor Group submits a Memorandum of Points and Authorities in support thereof and the Declaration of Robert J. Gralewski, Jr. and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that the IOVA Investor Group is the most adequate plaintiff, as defined by the PSLRA, based on its significant losses suffered as a result of the Defendants' wrongful conduct as alleged in the above-referenced actions. Further, the IOVA Investor Group satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of other class members' claims and it will fairly and adequately represent the interests of the class.

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      Preliminary statement .................................................................................................. - 1 -

II.     Factual background ...................................................................................................... - 2 -

III.    Argument ...................................................................................................................... - 3 -

   A.   The Above-Captioned Actions Should Be Consolidated ...................................................... - 3 -

   B.   The IOVA Investor Group Should Be Appointed Lead Plaintiff ....................................... - 4 -

      1.   The IOVA Investor Group's Motion Is Timely ............................................................. - 5 -

      2.   The IOVA Investor Group Has The Largest Financial Interest In The Relief Sought By The Class ........................................................................................................................... - 5 -

      3.   The IOVA Investor Group Otherwise Satisfies Rule 23 Of The Federal Rules Of Civil Procedure ...................................................................................................................... - 6 -

   C.   The Court Should Approve Lead Plaintiff's Choice of Counsel ....................................... - 8 -

IV.     Conclusion .................................................................................................................... - 9 -

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Banerjee v. Avinger, Inc.*,
No. 17 Civ. 03400-CW, 2017 WL 4552063 (N.D. Cal. Oct. 11, 2017) .......................................... 8

*In re Cendant Corp. Lit.*,
264 F.3d 201 (3rd Cir. 2001) ...................................................................................................... 7

*City of Brockton Ret. Sys. v. The Shaw Grp., Inc.*,
No. 06 Civ. 8245 (CMMHD), 2007 WL 2845125 (S.D.N.Y. Sept. 26, 2007)............................... 8

*Dura Pharmaceuticals Inc. v. Broudo*,
544 U.S. 336 (2005) ...................................................................................................................... 6

*Hessefort v. Super Micro Computer, Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ......................................................................................... 7

*Hoang v. ContextLogic, Inc.*,
No. 21 Civ. 03930-BLF, 2022 WL 1539533 (N.D. Cal. May 16, 2022)....................................... 5, 6

*In re Cavanaugh*,
306 F.3d 726, 730 (9th Cir. 2002) .............................................................................................. 7, 8

*Kangas v. Illumina, Inc.*,
No. 23 Civ. 2082-LL-MMP, 2024 WL 1587463 (S.D. Cal. Apr. 11, 2024) ................................... 1

*Kusen v. Herbert*,
No. 23 Civ. 2940, 2023 WL 8171736 (N.D. Cal. Nov. 24, 2023).................................................. 5

*Lax v. First Merchants Acceptance Corp.*,
No. 97 Civ. 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)..................................................... 5

*Maeshiro v. Yatsen Holding Ltd.*,
No. 22 Civ. 8165 JPC-BCM, 2023 WL 4684106, at *5 n. 7 (S.D.N.Y. July 21, 2023) ................. 6

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
No. 13 Civ. 05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014)....................................... 1

*Richardson v. TVIA*,
No. 06 Civ. 06304-RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ................................. 3, 7

*Robison v. Digital Turbine, Inc.*,
No. 22 Civ. 00550-DAE, 2022 WL 17881476, at *7 (W.D. Tex. Dec. 19, 2022) ......................... 6

*Sneed v. AcelRx Pharms., Inc.*,
No. 21 Civ. 04353-BLF, 2021 WL 5964596 (N.D. Cal. Dec. 16, 2021)....................................... 5, 6

*In re SVB Fin. Grp. Sec. Litig.*,
No. 23 Civ. 01097-JD, 2023 WL 8367938 (N.D. Cal. Nov. 30, 2023)........................................... 7

*Water Island Event-Driven Fund v. MaxLinear, Inc.*
No. 23 Civ. 1607-LAB-VET, 2023 WL 8812875 (S.D. Cal. Dec. 20, 2023) ............................... 7, 8

i

*Welch v. Meaux,*
No. 19 Civ.1260, 2020 WL 4758269 (W.D. La. Aug. 17, 2020) ........................................................ 8

*Weston v. DocuSign, Inc.,*
No. 22 Civ. 00824-WHO, 2022 WL 1301770 (N.D. Cal. Apr. 18, 2022)...................................... 5

*Yousefi v. Lockheed Martin Corp.,*
70 F. Supp. 2d 1061 (C.D. Cal. 1999) .......................................................................................... 7

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 42(a) ........................................................................................................ 4

Lead Plaintiff Movants Lee Schweizer, Michael A. Macchione, Ann Marie Macchione, Bradford J. Tierney, and Christopher J. Amoruso ("the IOVA Investor Group") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, et seq. (the "PSLRA") for an Order: (i) consolidating the above-captioned actions, (ii) appointing the IOVA Investor Group as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); and (iii) approving the IOVA Investor Group's selection of the law firm of Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel for Lead Plaintiff and the proposed class (the "Motion").

## I.    PRELIMINARY STATEMENT

This securities class action (the "Action") was brought on behalf of purchasers of Iovance Biotherapeutics, Inc. ("Iovance" or the "Company") securities between May 9, 2024 and May 8, 2025, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").[1]

Under the PSLRA, which governs the selection of the lead plaintiff in class actions asserting claims under the Exchange Act, the Court is tasked with appointing the Lead Plaintiff in this Action. The PSLRA. Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the investor: (i) that makes a timely motion under the PSLRA's sixty-day deadline; (ii) that asserts the largest financial interest in the litigation; and (iii) that also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). The IOVA Investor Group satisfies these requirements because: (i) the IOVA Investor Group timely filed for appointment as Lead Plaintiff; (ii) the IOVA Investor Group has a substantial financial interest in this litigation; and (iii) the IOVA Investor Group meets the applicable requirements under Rule 23. *See id.;* Section III.B,

---

[1] The two above-captioned actions asserted overlapping, but not completely identical, class periods. This motion assumes that the operative class period will be the broadest dates asserted in the underlying two complaints (hereinafter the "Related Actions"). *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13 Civ. 05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs."); *see also Kangas v. Illumina, Inc.*, No. 23 Civ. 2082-LL-MMP, 2024 WL 1587463, at *3 (S.D. Cal. Apr. 11, 2024) ("courts usually … use the most inclusive class period").

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD COUNSEL
Case No. 5:25-cv-04177-EKL

*infra*.

Finally, the Court should approve the IOVA Investor Group's choice of Lead Counsel. The IOVA Investor Group has retained experienced and competent counsel. As the "most adequate plaintiff" under the PSLRA, the Court should defer to the IOVA Investor Group's selection of Kirby McInerney as Lead Counsel for Lead Plaintiff and the proposed class and the IOVA Investor Group's selection should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND[2]

Iovance is a California corporation headquartered in San Carlos, California. Iovance is a commercial-stage biopharmaceutical company that develops and commercializes cell therapies using autologous tumor infiltrating lymphocyte for the treatment of metastatic melanoma and other solid tumor cancers.

The company's key product is Amtagvi, an autologous T cell immunotherapy to treat adults with unresectable or metastatic melanoma. The company also distributes Proleukin, an interleukin-2 product used in Amtagvi's treatment regimen. Treatments are conducted at authorized treatment centers ("ATCs") in the United States, with regulatory approvals anticipated in both the United Kingdom and Canada in 2025. Iovance's common stock trades under the ticker symbol "IOVA" on the Nasdaq.

The Action alleges that Iovance provided overwhelmingly positive statements to investors concerning Iovance's growth potential; specifically, that the Company was not equipped to generate and drive demand or was otherwise ill equipped to capitalize upon the purported existing demand for its treatments through its network of approved treatment centers. The Company allegedly misrepresented and/or failed to disclose that: (i) new ATCs were experiencing longer timelines to begin treating patients with Amtagvi; (2) the Company's sales team and new ATCs were ineffective in patient identification and patient selection for Amtagvi, leading to higher patient drop-offs; and (3) the foregoing dynamics led to higher costs and lower revenue because ATCs could not keep pace

---

[2] The factual allegations in this section are adapted from the complaints filed in the above-captioned actions.

with manufactured product.

The following event caused the decline in Iovance's stock price that prompted the lawsuit:

On May 8, 2025, after the market closed, Iovance released its first quarter 2025 financial results, revealing a quarterly total product revenue of $49.3 million, a significant decline from the prior quarter's $73.7 million. The Company also announced its full fiscal year 2025 total product revenue guidance had been slashed from $450 million - $475 million to $250 million - $300 million, a reduction of over 40% at the midpoint. The Company revealed it was "revising full-year 2025 revenue guidance to reflect recent launch dynamics" of Amtagvi. The Company further revealed "[t]he updated forecast considers experience with ATC [authorized treatment center] growth trajectories and treatment timelines for new ATCs."

On this news, the price of Iovance shares declined $1.42 per share, or 44.8%, to close at $1.75 per share on May 9, 2025, on unusually heavy trading volume.

## III.    ARGUMENT

### A.    The Above-Captioned Actions Should Be Consolidated

Consolidation of the above-captioned actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, No. 06 Civ. 06304-RMW, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned actions (i) have been filed in this District; (ii) allege overlapping class periods; (iii) assert similar factual and legal grounds to support allegations of violations of Sections

- 3 -

10(b) and 20(a) of the Exchange Act by an almost-identical group of defendants arising from the public dissemination of overlapping false and misleading information to investors and the same corrective disclosure event. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### B.    The IOVA Investor Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the plaintiff who files the action must publish a notice within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the Court to be appointed as Lead Plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u4(a)(3)(A)(i). Here, the relevant notice was published in *Globe Newswire* on May 15, 2025. *See* Declaration of Robert J. Gralewski, Jr. in Support of the IOVA Investor Group's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Gralewski Decl.") Ex. A filed concurrently herewith. Within sixty days after publication of the notice, any members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that the Court shall consider any timely motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the investor that:

(aa)    has either filed the complaint or made a motion in response to a notice . . . ;

(bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and

- 4 -

(cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

As set forth below, the IOVA Investor Group has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. The IOVA Investor Group has a significant financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class. Accordingly, the IOVA Investor Group respectfully submits that it should be appointed lead plaintiff.

### 1.     The IOVA Investor Group's Motion Is Timely

The notice published in this action informed class members that the deadline to move for appointment as Lead Plaintiff was sixty days from the May 15, 2025 publication of the notice, *i.e.*, July 14, 2025.2 *See* Gralewski Decl., Ex. A. As this Motion is being filed on July 14, 2025, it is timely. Thus, The IOVA Investor Group has complied with the PSLRA's first requirement and is entitled to be considered for appointment as Lead Plaintiff.

### 2.     The IOVA Investor Group Has The Largest Financial Interest In The Relief Sought By The Class

To be eligible for the "most adequate plaintiff" presumption, a movant must also possess the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). To identify the movant with the largest financial interest, district courts within the Ninth Circuit generally consider the four "*Lax*" factors, first articulated in the case *Lax v. First Merchants Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered). *See Hoang v. ContextLogic, Inc.*, No. 21 Civ. 03930-BLF, 2022 WL 1539533, at *5 (N.D. Cal. May 16, 2022) (applying *Lax* factors); *Kusen v. Herbert*, No. 23 Civ. 2940, 2023 WL 8171736, at *4 (N.D. Cal. Nov. 24, 2023) (citing *Weston v. DocuSign, Inc.*, No. 22 Civ. 00824-WHO, 2022 WL 1301770, at *2 (N.D. Cal. Apr. 18, 2022) (same)); *Sneed v. AcelRx*

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 5:25-cv-04177-EKL

*Pharms., Inc.*, No. 21 Civ. 04353-BLF, 2021 WL 5964596, at *2 (N.D. Cal. Dec. 16, 2021).

Here, as shown by the PSLRA certifications executed by the IOVA Investor Group members and the loss chart submitted by the IOVA Investor Group, the IOVA Investor Group (*see* Gralewski Decl., Exs. B and D) purchased 71,326 shares during the Class Period for a total net Class Period expenditure of $390,375.25. This figure represents the total funds expended minus the sales proceeds received ($520,972.33 - $130,597.08). The IOVA Investor Group purchased 58,275 shares on a net basis during the Class Period. This figure represents the total shares purchased minus the shares sold (71,326 shares - 13,051 shares). The IOVA Investor Group suffered total Class Period investment losses of $280,952.29 when losses are calculated on a last-in, first-out ("LIFO") basis. Additionally, the IOVA Investor Group's losses on shares eligible for recovery under *Dura Pharmaceuticals Inc. v. Broudo*, 544 U.S. 336 (2005) – *i.e.*, the total loss on any shares that were held through at least one corrective disclosure – are $282,584.09. *See Hoang.*,  2022 WL 1539533, at *7; *see also Maeshiro v. Yatsen Holding Ltd.*, No. 22 Civ. 8165 JPC-BCM, 2023 WL 4684106, at *5 n. 7 (S.D.N.Y. July 21, 2023) (accepting *Dura*-adjusted LIFO method excluding any losses from shares bought and sold prior to a corrective disclosure); *Robison v. Digital Turbine, Inc.*, No. 22 Civ. 00550-DAE, 2022 WL 17881476, at *7 (W.D. Tex. Dec. 19, 2022). *See* Gralewski Decl., Ex. D.

To the best of the IOVA Investor Group's counsel's knowledge, the IOVA Investor Group's financial interest in this matter is the largest of any known lead plaintiff movant. Therefore, the IOVA Investor Group satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    The IOVA Investor Group Otherwise Satisfies Rule 23 Of The Federal Rules Of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u 4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23,

- 6 -

the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a prima facie showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 112344, at *4 (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)); *In re Cendant Corp. Lit.*, 264 F.3d 201, 263 (3rd Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy.").

Here, the IOVA Investor Group satisfied the typicality requirement for the purposes of selecting a Lead Plaintiff because, like other class members, it: (i) purchased Iovance securities during the Class Period; (ii) paid allegedly inflated prices because of claimed false and misleading statements by Defendants; and (iii) thereby suffered damages. Thus, the IOVA Investor Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Additionally, a lead plaintiff movant is adequate so long as it and its counsel have no conflicts of interest with other class members and they will prosecute the action vigorously on behalf of the class. *See Super Micro*, 317 F. Supp. 3d at 1061.

Here, the IOVA Investor Group easily satisfies the adequacy requirements. The IOVA Investor Group's financial interest demonstrates that it has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [the IOVA Investor Group is] antagonistic to other members of the class or its attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). In addition, the individual members of the IOVA Investor Group submitted herewith a Joint Declaration attesting to their ability and willingness to represent the Class in this Action. *See* Gralewski Decl., Ex. C; *see also In re SVB Fin. Grp. Sec. Litig.*, No. 23 Civ. 01097-JD, 2023 WL 8367938, at *2 (N.D. Cal. Nov. 30, 2023) (finding movant group adequate citing joint declaration); *Water Island Event-*

*Driven Fund v. MaxLinear, Inc.,* No. 23 Civ. 1607-LAB-VET, 2023 WL 8812875, at *4-*5 (S.D. Cal. Dec. 20, 2023) (same).

Further, the PSLRA explicitly permits a "group of persons" to serve as lead plaintiff, (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)), and while courts are divided on the question of whether a group of unrelated investors can be a proper lead plaintiff "group" under the PSLRA, courts are clear that a group of investors who share a pre-litigation relationship can serve as a lead plaintiff. *See Banerjee v. Avinger, Inc.*, No. 17 Civ. 03400-CW, 2017 WL 4552063, at *2 (N.D. Cal. Oct. 11, 2017) (evidence of movant group's pre-existing relationship is sufficient to treat them as a lead plaintiff group under the PSLRA); *City of Brockton Ret. Sys. v. The Shaw Grp., Inc.*, No. 06 Civ. 8245 (CMMHD), 2007 WL 2845125, at *4 (S.D.N.Y. Sept. 26, 2007); *see also Welch v. Meaux*, No. 19 Civ.1260, 2020 WL 4758269, at *6 (W.D. La. Aug. 17, 2020) (appointing investor group who knew each other and invested together for a decade). Here, the members of the IOVA Investor Group share a significant pre-litigation relationship. *See* Gralewski Decl., Ex. C. The Group learned about Iovance as a potential investment from a member of the Group, they all discussed the investment with other members of the Group, and they have shared research and observations with one another about Iovance. Moreover, they spoke to one another about jointly retaining counsel in order to serve as lead plaintiff in this matter. At bottom, the IOVA Investor Group is not a "lawyer created" group.

All of the foregoing factors sufficiently evidence the IOVA Investor Group satisfaction of the Rule 23 requirements and capacity and willingness to serve as Lead Plaintiff.

**C.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). Here, the IOVA Investor Group has selected Kirby McInerney as lead counsel for the class. Kirby McInerney has over seventy years of experience representing investors in connection with securities class action litigation and possesses the resources necessary to efficiently conduct this litigation. *See* Gralewski Decl., Ex. E. In light of the foregoing, the Court should approve the IOVA Investor Group's selection of Lead Counsel.

- 8 -

## IV.    CONCLUSION

For the foregoing reasons, the IOVA Investor Group asks the Court to grant its Motion and enter an Order: (i) consolidating the above-captioned actions, (ii) appointing the IOVA Investor Group as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); and (iii) approving the IOVA Investor Group's selection of the law firm of Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel for Lead Plaintiff and the proposed class.

Dated: July 14, 2025

By: */s/ Robert J. Gralewski, Jr.*
Robert J. Gralewski, Jr.
**KIRBY McINERNEY LLP**
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Telephone: (858) 534-2044
Email: bgralewski@kmllp.com

**KIRBY McINERNEY LLP**
Thomas W. Elrod (*pro hac vice forthcoming)*
Ira M. Press (*pro hac vice forthcoming*)
Lauren K. Molinaro (*pro hac vice forthcoming*)
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Email: telrod@kmllp.com
         ipress@kmllp.com
         lmolinaro@kmllp.com

*Counsel for Lead Plaintiff Movant the IOVA Investor Group and Proposed Lead Counsel for the Class*

- 9 -

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On July 14, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 14, 2025, at San Diego, California.

*/s/ Robert J. Gralewski, Jr.*
Robert J. Gralewski, Jr.