Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the Iovance Investor Group)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BILINSKY, and DANIEL G. KIRBY,<br><br>                    Defendants. | Case No. 5:25-cv-04177-EKL<br><br>**NOTICE OF MOTION AND MOTION OF THE IOVANCE INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 1, 2025<br>Time: 10:00 a.m. _____<br>Crtrm.: 7 – 4th Floor<br>Judge: Eumi K. Lee |
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BILINSKY,<br><br>                    Defendants. | Case No. 5:25-cv-04199-EKL |

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 1, 2025, at 10:00 a.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Eumi K. Lee, in Courtroom 7, 4th Floor, 280 South First Street, San Jose, CA 95113, Plaintiff Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the "Iovance Investor Group") will move this Court for entry of an Order: (i) consolidating the above-captioned actions; (ii) appointing the Iovance Investor Group as Lead Plaintiff; (iii) approving Iovance Investor Group's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and the Federal Rules of Civil Procedure. In support of this Motion, the Iovance Investor Group submits a Memorandum of Points and Authorities in support thereof and the Declaration of Charles H. Linehan and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that the Iovance Investor Group is the most adequate plaintiff, as defined by the PSLRA, based on its significant losses suffered as a result of the Defendants' wrongful conduct as alleged in the above-referenced actions. Further, the Iovance Investor Group satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of other class members' claims and the Iovance Investor Group will fairly and adequately represent the interests of the class.

## STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should consolidate the above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

2. Whether the Court should appoint the Iovance Investor Group as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3. Whether the Court should approve Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the "Iovance Investor Group") respectfully submits this memorandum of law in support of the group's motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing the Iovance Investor Group as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving the Iovance Investor Group's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of investors that purchased or otherwise acquired Iovance Biotherapeutics, Inc. ("Iovance" or the "Company") securities between May 9, 2024 and May 8, 2025, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff—*i.e.* The plaintiff most capable of adequately representing the interests of class members. The PSLRA also provides a presumption that the most adequate plaintiff is the person or group of persons with the largest financial interest in the relief sought by the class who otherwise satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

The Iovance Investor Group has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Iovance Investor Group satisfies the relevant requirements of Rule 23 of the

Federal Rules of Civil Procedure, as its claims are typical of other class members' claims, and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, the Iovance Investor Group respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, the Iovance Investor Group's selection of GPM as lead counsel for the class should be approved because the firm has substantial experience in securities class action litigation and the resources to efficiently and effectively prosecute this action.

## II.    FACTUAL BACKGROUND

Iovance is a commercial-stage biopharmaceutical company which develops and commercializes cell therapies for the treatment of metastatic melanoma and other solid tumor cancers. The Company's top priority is the commercialization of Amtagvi (lifileucel), a tumor-derived autologous T cell immunotherapy used to treat adult patients with unresectable or metastatic melanoma. The Company received FDA approval for Amtagvi on February 16, 2024. The Company commercially launched Amtagvi on February 20, 2024.

The complaints filed in this action allege that throughout the Class Period, Defendants made false and/or misleading statements and failed to disclose material adverse facts about Iovance's business. Specifically, Defendants failed to disclose to investors that: (1) new Authorized Treatment Centers were experiencing longer timelines to begin treating patients with Amtagvi; (2) the Company's sales team and new ATCs were ineffective in patient identification and patient selection for Amtagvi, leading to higher patient drop-offs; (3) the foregoing dynamics led to higher costs and lower revenue because ATCs could not keep pace with manufactured product; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On May 8, 2025, after the market closed, Iovance released its first quarter 2025 financial results, revealing a quarterly total product revenue of $49.3 million, a significant decline from the prior quarter's $73.7 million. The Company also announced its full fiscal year 2025 total product revenue guidance had been slashed from $450 million - $475 million to $250 million - $300 million, a reduction of over 40% at the midpoint. The Company revealed it was "revising full-year 2025

revenue guidance to reflect recent launch dynamics" of Amtagvi. The Company further revealed "[t]he updated forecast considers experience with ATC [authorized treatment center] growth trajectories and treatment timelines for new ATCs."

On this news, the price of Iovance shares declined $1.42 per share, or 44.8%, to close at $1.75 per share on May 9, 2025, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Iovance Investor Group and other class members have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On May 15, 2025, Plaintiff Karthik Trichur Sundaram commenced the first securities class action against Iovance, certain of its officers captioned *Sundaram v. Iovance Biotherapeutics, Inc.*, No. 5:25-cv-04177-EKL (the "*Sundaram* Action"). This action was brought on behalf of investors who purchased or otherwise acquired Iovance securities between August 8, 2024, to May 8, 2025.

Also on May 15, 2025, Plaintiff Dimitry Farberov commenced a substantially similar lawsuit, captioned *Farberov v. Iovance Biotherapeutics, Inc.,* No. 5:25-cv-04199-EKL (the "*Farberov* Action," and together with the *Sundaram* Action, the "Related Actions."). The *Farberov* Action alleges claims against Iovance on behalf of all persons and entities who purchased or otherwise acquired Iovance securities between May 9, 2024 and May 8, 2025.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) ("actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the

same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

**B.    The Iovance Investor Group Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, the Iovance Investor Group has complied with all the PSLRA's requirements and satisfies all the PSLRA criteria to be appointed as lead plaintiff. The Iovance Investor Group, to the best of its knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class. Accordingly, the Iovance Investor Group respectfully submits that it should be appointed as lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the

largest financial stake in the controversy provides information that satisfy these requirements, it becomes the presumptively most adequate plaintiff").

### 1.    The Iovance Investor Group's Motion Is Timely

The Iovance Investor Group have made a timely motion in response to a PSLRA early notice. On May 15, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with the first action filed. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, the Iovance Investor Group had sixty days (*i.e.*, until July 14, 2025) to file a motion to be appointed as lead plaintiff. As a purchasers of Iovance securities during the Class Period, the Iovance Investor Group members are also members of the proposed class and have timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, the Iovance Investor Group members attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. Linehan Decl., Ex. B.[1] Accordingly, the Iovance Investor Group satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    The Iovance Investor Group Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, the Iovance Investor Group believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

The Iovance Investor Group purchased Iovance securities during the Class Period at prices impacted by Defendants' misstatements and omissions and, as a result, suffered financial harm of

---

[1] While preparing this motion it was discovered that, due to a clerical error, some of Mr. Farberov's transactions listed in the certification he filed with his complaint, actually occurred prior to the class period. The error is corrected in Mr. Farberov's certification filed herewith.

approximately $1,198,550. *See* Linehan Decl., Ex. C. To the best of its knowledge, the Iovance Investor Group is not aware of any other class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, the Iovance Investor Group believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiffs for the class.

### 3.    The Iovance Investor Group Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]it typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

**a)      The Iovance Investor Group's Claims Are Typical**

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if it is reasonably coextensive with those of the absent class members; it need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, the Iovance Investor Group's claims are typical of the claims asserted by the proposed class. Like all members of the class, the Iovance Investor Group purchased Iovance securities during the Class Period and suffered losses as a result of its transactions. Like all members of the class, the Iovance Investor Group alleges that Defendants violated federal securities laws by disseminating materially misleading statements concerning Iovance's operations and financial prospects. the Iovance Investor Group's losses, like the losses suffered by all other members of the class, arise from the artificial inflation of Iovance's stock price caused by Defendants' alleged misrepresentations and omissions. Accordingly, the Iovance Investor Group's interests and claims are typical of the interests and claims of the class.

**b)      The Iovance Investor Group Members Are Adequate Representatives**

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous

advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

Here, the Iovance Investor Group easily satisfies the adequacy requirements. the Iovance Investor Group's financial interest demonstrates that it has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [the Iovance Investor Group is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). The Iovance Investor Group members have submitted a declaration herewith further attesting to their adequacy. *See* Linehan Decl., Ex. D. The Iovance Investor Group has also retained competent and experienced counsel with the resources and experience to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. E (the firm's résumé). In addition, the Iovance Investor Group is not aware of any conflict between its claims and those asserted on behalf of the class. As such, the Iovance Investor Group should be appointed as lead plaintiff.

**C.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. Here, the Iovance Investor Group has selected GPM as lead counsel for the class. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit E, the Court may be assured that, by granting the Iovance Investor Group's Motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Iovance Investor Group's selection of counsel.

**V.    CONCLUSION**

For the foregoing reasons, the Iovance Investor Group asks the Court to grant their Motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing the Iovance Investor Group as Lead Plaintiff; (iii) approving the Iovance Investor Group's selection of GPM as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  July 14, 2025

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:    /s/ Charles H. Linehan

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movants Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the Iovance Investor Group)*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On July 14, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 14, 2025, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan