**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096
dkaplan@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Mehdi Hasan,*
*and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BILINSKY, and DANIEL G. KIRBY, <br><br> Defendants. | No. 5:25-cv-04177-EKL <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION OF MEHDI HASAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE: August 20, 2025 <br> TIME: 10:00 am <br> COURTROOM: 7, 4th Floor <br> JUDGE: Hon. Eumi K. Lee |

| | |
|---|---|
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BILINSKY,<br><br>Defendants. | No. 5:25-cv-04199-EKL |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 2

I.  INTRODUCTION ................................................................................................. 2

II.  STATEMENT OF THE ISSUES TO BE DECIDED .......................................................... 3

III.  STATEMENT OF FACTS ..................................................................................... 3

IV.  ARGUMENT ....................................................................................................... 4

    A.  The Related Actions Should be Consolidated ....................................................... 4

    B.  Mehdi Hasan Should Be Appointed Lead Plaintiff ................................................. 5

        1.  The PSLRA's Process for Selecting the Lead Plaintiff ................................ 5

        2.  Mehdi Hasan Is the "Most Adequate Plaintiff" ........................................ 6

            a.  Mehdi Hasan Has Satisfied the PSLRA's Procedural Requirements ....................................................................... 6

            b.  Mehdi Hasan Has the Largest Financial Interest in the Relief Sought by the Class ....................................................... 6

            c.  Mehdi Hasan Satisfies Rule 23's Typicality and Adequacy Requirements ........................................................... 7

    C.  THE COURT SHOULD APPROVE Mehdi Hasan'S SELECTION OF LEAD COUNSEL ........................................................................ 9

V.  CONCLUSION ................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.),*
No. 2:20-cv-4534, 2020 WL 6710429 (S.D. Ohio Nov. 16, 2020) .......................................... 12

*Horowitz v. SunEdison, Inc.,*
No. 4:15-cv-1769, 2016 WL 1161600 (E.D. Mo. Mar. 24, 2016)............................................... 2

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002).........................................................................................*passim*

*In re Cohen,*
586 F.3d 703 (9th Cir. 2009)................................................................................................ 10

*In re Gildan Activewear Inc. Sec. Litig.,*
No. 1:08-cv-5048, 2010 WL 11746218 (S.D.N.Y. Sept. 20, 2010) ......................................... 11

*In re Robinhood Outage Litig.,*
20-cv-1626-JD, 2020 WL 7330596 (N.D. Cal. July 14, 2020)................................................. 11

*Malriat v. QuantumScape Corp.,*
No. 3:21-cv-0058, 2021 WL 1550454 (N.D. Cal. Apr. 20, 2021).............................................. 7

*Schoen v. Eiger Biopharmaceuticals, Inc.,*
No. 22-cv-6985, 2023 WL 1769192 (N.D. Cal. Feb. 3, 2023) .................................................. 7

*Shankar v. Zymergen Inc.,*
No. 21-cv-6028, 2021 WL 12257357 (N.D. Cal. Dec. 20, 2021)......................................... 5, 10

*Shnayder v. Allbirds, Inc.,*
No. 23-cv-1811, 2023 WL 4771185 (N.D. Cal. July 25, 2023).................................................. 9

*Strezsak v. Ardelyx Inc.,*
No. 21-cv-5868, 2022 WL 2817590 (N.D. Cal. July 19, 2022)............................................. 5, 7

*Villanueva v. Proterra Inc.,*
No. 23-cv-3519, 2023 WL 7003253 (N.D. Cal. Oct. 23, 2023) ................................................. 7

*Welgus v. Trinet Grp., Inc.,*
No. 15-cv-3625, 2015 WL 7770222 (N.D. Cal. Dec. 3, 2015)............................................... 8, 9

**Statutes**

15 U.S.C. § 78u-4(a)(1) ......................................................................................................... 5
15 U.S.C. § 78u-4(a)(3) ..................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................................*passim*

**Regulations**

17 C.F.R. § 240.10b-5 ............................................................................................................ 3

NOTICE OF MOT., MOT., & MEM. ISO OF M. HASAN'S
MOT. FOR APP'T AS LEAD PLAINTIFF
CASE NO. 5:25-CV-04177-EKL

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 20, 2025, or as soon thereafter as the matter may be heard before the Honorable Judge Eumi K. Lee, Courtroom #7, on the 4th Floor of the Robert F. Peckham Courthouse, located at 280 South First Street, San Jose, California, 95113, Mehdi Hasan will respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. § 78u-4(a)(3)(B)) for entry of an Order: (1) consolidating the above-captioned securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)");[1] (2) appointing him as Lead Plaintiff for a class of all persons (the "Class") who purchased or otherwise acquired Iovance Biotherapeutics, Inc. ("Iovance" or the "Company") securities between May 9, 2024 and May 8, 2025, both dates inclusive (the "Class Period"); (3) approving his selection of Saxena White P.A. ("Saxena White") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Mehdi Hasan believes he is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, Mr. Hasan believes he has the largest financial interest of any movant in the relief sought by the Class. In addition, Mr. Hasan's claims are typical of other Class members' claims, and he will fairly and adequately represent Class interests.

In support of his Motion, Mehdi Hasan submits: (1) the below Memorandum of Points and Authorities; (2) the Declaration of David R. Kaplan in Support of this Motion and accompanying exhibits; (3) a Proposed Order; and (4) such other written or oral argument as may be permitted by the Court.

---

[1] The Related Actions are *Sundaram v. Iovance Biotherapeutics, Inc.*, No. 5:25-cv-4177 (N.D. Cal. filed May 15, 2025) (the "*Sundaram* Action"), and *Farberov v. Iovance Biotherapeutics, Inc.*, No. 5:25-cv-4199 (N.D. Cal. filed May 15, 2025) (the "*Farberov* Action"). All emphases are added, and all citations are omitted herein unless otherwise indicated.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Presently pending before the Court are the above-captioned actions brought on behalf of the Class.  The *Sundaram* Action was filed on behalf of all investors who purchased or otherwise acquired Iovance securities between August 8, 2024, to May 8, 2025, inclusive.  The *Farberov* Action was filed on behalf of persons and entities that purchased or otherwise acquired Iovance securities between May 9, 2024 and May 8, 2025, inclusive.  While the Actions assert different, albeit overlapping, class periods, for purposes of appointing a lead plaintiff, the longest alleged class period controls.  *See, e.g., Horowitz v. SunEdison, Inc.*, No. 4:15-cv-1769, 2016 WL 1161600, at *3 (E.D. Mo. Mar. 24, 2016) (applying the "most inclusive class period" in determining the largest financial interest).

Mr. Hasan respectfully submits that he should be appointed Lead Plaintiff on behalf of purchasers and acquirers of Iovance securities during the Class Period (the "Class").  Mr. Hasan satisfies all the prerequisites for appointment as Lead Plaintiff.  As detailed herein, Mr. Hasan incurred a  loss of $521,266 in connection with his investments in Iovance securities during the Class Period.[2]  Accordingly, Mr. Hasan has a substantial financial interest in prosecuting the litigation on behalf of the Class and recovering losses attributable to Defendants' violations of the federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting the largest financial interest, Mr. Hasan readily satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class.  In short, Mr. Hasan is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Mr. Hasan also respectfully requests that the Court approve his selection of Lead Counsel for the Class.  Mr. Hasan's choice for Lead Counsel, Saxena White, has extensive experience

---

[2] Mr. Hasan's transactions in Iovance securities during the Class Period are set forth in his Certification.  *See* Declaration of David R. Kaplan in Support of the Motion of Mehdi Hasan for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Kaplan Decl."), Ex. A, filed concurrently herewith; *see also id.*, Ex. B (chart setting forth calculation of Mehdi Hasan's loss).

NOTICE OF MOT., MOT., & MEM. ISO OF M. HASAN'S
MOT. FOR APP'T AS LEAD PLAINTIFF
CASE NO. 5:25-CV-04177-EKL

successfully prosecuting securities class actions in this District and in courts across the nation, and is well qualified to prosecute this case.

## II.    STATEMENT OF THE ISSUES TO BE DECIDED

1.    Whether the Related Actions should be consolidated pursuant to Rule 42(a).

2.    Whether Mehdi Hasan should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.    Whether the Court should approve Mehdi Hasan's selection of Saxena White as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

Pending before the Court are two securities class actions brought on behalf of investors in Iovance securities during the Class Period against Iovance;[3] Interim CEO, President, General Counsel, Corporate Secretary, and Director Frederick G. Vogt ("Vogt"); Chief Financial Officer, Principal Accounting Officer, and Treasurer Jean-Marc Bellemin ("Bellemin"); Chief Operating Officer Igor P. Bilinsky ("Bilinsky"); and Chief Commercial Officer Daniel G. Kirby ("Kirby," and, together with Iovance, Vogt, Bellemin, and Bilinsky, "Defendants").  The Actions assert claims for violations of Sections 10(b) and 20(a) of the Exchange Act and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

Iovance is a commercial-stage biopharmaceutical company that develops and commercializes cell therapies using autologous tumor infiltrating lymphocyte for the treatment of metastatic melanoma and other solid tumor cancers.  The Company's key product is Amtagvi, a cancer treatment for adults with melanoma.  The Company also distributes Proleukin, a product used in Amtagvi's treatment regimen.  Treatments are conducted at authorized treatment centers ("ATCs") in the United States, with regulatory approvals anticipated in both the United Kingdom and Canada in 2025.  The Company received FDA approval for Amtagvi on February 16, 2024. The Company commercially launched Amtagvi on February 20, 2024.  Throughout the Class Period, Iovance reaffirmed its 2025 fiscal year guidance of $450-$475M of Total Product Revenue and touted certain purported drivers of the Company's growth, including the unmet need and

---

[3] Iovance's stock trades on the Nasdaq Stock Market under the ticker symbol "IOVA."

NOTICE OF MOT., MOT., & MEM. ISO OF M. HASAN'S
MOT. FOR APP'T AS LEAD PLAINTIFF
CASE NO. 5:25-CV-04177-EKL

awareness of the Amtagvi treatment, the rapid expansion of ATCs and related demand for Amtagvi and Proleukin, and present ability of those ATCs to drive demand and administer treatment.

During the Class Period, Defendants made false and misleading statements regarding Iovance's business, operations, and prospects. Specifically, Defendants' statements were materially false and misleading because they failed to disclose that: (1) new ATCs were experiencing longer timelines to begin treating patients with Amtagvi; (2) the Company's sales team and new ATCs were ineffective in patient identification and patient selection for Amtagvi, leading to higher patient drop-offs; (3) the foregoing dynamics led to higher costs and lower revenue because ATCs could not keep pace with manufactured product; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

After the close of the markets on May 8, 2025, Iovance reported its first quarter 2025 financial results, revealing a quarterly total product revenue of $49.3 million, a significant decline from the prior quarter's $73.7 million in total product revenue. The Company also announced its full fiscal year 2025 total product revenue guidance had been slashed from $450-$475 million to $250-$300 million, a reduction of over 40% at the midpoint. The Company revealed it was "revising full-year 2025 revenue guidance to reflect recent launch dynamics" of Amtagvi. The Company further revealed "[t]he updated forecast considers experience with ATC growth trajectories and treatment timelines for new ATCs."

In response to these revelations, the price of Iovance stock declined over 44%, from a closing price of $3.17 per share on May 8, 2025, to a closing price of $1.75 per share on May 9, 2025.

Iovance's material misrepresentations and omissions and the revelations thereof have caused Mehdi Hasan and other Class members to incur substantial damages.

## IV.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Two Related Actions are pending before the Court. The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under

this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Rule 42(a) specifies that consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Strezsak v. Ardelyx Inc.*, No. 21-cv-5868, 2022 WL 2817590, at \*2 (N.D. Cal. July 19, 2022).

Here, the Related Actions are well-suited for consolidation. Both allege a substantially similar, unlawful, and/or fraudulent scheme relating to similar parties, transactions, and events during overlapping time frames, and allege that Defendants made materially false and misleading statements and omissions concerning Iovance's business and prospects. In addition, because the Related Actions are based on similar facts and involve the same subject matter, the same discovery will be relevant to both actions. *See id.* (consolidating "two cases [that] allege the same violations of the federal securities laws against the same Defendants on behalf of the same classes").

Accordingly, consolidation is appropriate under Rule 42(a) and the PSLRA. Mehdi Hasan respectfully submits that the Related Actions should be consolidated.

### B.    MEHDI HASAN SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.    The PSLRA's Process for Selecting the Lead Plaintiff

The PSLRA establishes a straightforward, sequential procedure for identifying the lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1)); *see also Shankar v. Zymergen Inc.*, No. 21-cv-6028, 2021 WL 12257357, at \*1 (N.D. Cal. Dec. 20, 2021) (discussing the "three-step process for appointing a lead plaintiff under the [PSLRA]"). "The first step consists of publicizing the pendency of the action[.]" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). Within 20 days of filing the initial action, the plaintiff must publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice. Under this section, the Court "shall" appoint the "most adequate plaintiff," and is to presume that such plaintiff is the

"person or group of persons" who:

> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.

Under the sequential procedure set forth by the Ninth Circuit in *Cavanaugh*, once a court has identified the "most adequate plaintiff," the presumption may only be rebutted by proof from a class member that the most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* at 730, 732; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2.    Mehdi Hasan Is the "Most Adequate Plaintiff"

Mr. Hasan respectfully submits that he is the presumptively "most adequate plaintiff" because he has complied with the PSLRA's procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements.

#### a.    Mehdi Hasan Has Satisfied the PSLRA's Procedural Requirements

Mr. Hasan filed this Motion to serve as Lead Plaintiff in a timely manner.  On May 15, 2025, notice regarding the pending nature of this case was published on *GlobeNewswire*, a widely circulated, national, business-oriented news reporting wire service.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Notice, Kaplan Decl., Ex. C.  Thus, pursuant to the PSLRA, any member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before July 14, 2025.  Accordingly, Mr. Hasan filed this motion within the required time frame.

#### b.    Mehdi Hasan Has the Largest Financial Interest in the Relief Sought by the Class

Mr. Hasan should be appointed Lead Plaintiff because he has the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff" is the movant that has the largest financial interest in the relief sought by the class so long as that movant meets the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30 ("[T]he presumptively most adequate plaintiff – and hence the presumptive lead plaintiff – [is] the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23."); *Strezsak*, 2022 WL 2817590, at *3 (N.D. Cal. July 19, 2022) (identifying individual with the largest claimed loss as having "the largest financial interest" in the relief sought by the class).

Here, during the Class Period, Mr. Hasan suffered a $521,266 loss under the prevailing LIFO method in connection with his purchases of Iovance securities. *See* Kaplan Decl., Ex. B; *see also Malriat v. QuantumScape Corp.*, No. 3:21-cv-0058, 2021 WL 1550454, at *3 (N.D. Cal. Apr. 20, 2021) (individual with the largest loss under the LIFO methodology was appointed lead plaintiff). Mr. Hasan is unaware of any other movant with a greater financial interest in the outcome of the action. Accordingly, Mr. Hasan has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u 4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-32.

### c.    Mehdi Hasan Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the litigation, Mr. Hasan also satisfies the applicable requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B) (iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23. However, at the lead plaintiff selection stage, lead plaintiff movants need only make a "preliminary showing" of Rule 23's typicality and adequacy prongs. *See Schoen v. Eiger Biopharmaceuticals, Inc.*, No. 22-cv-6985, 2023 WL 1769192, at *2 (N.D. Cal. Feb. 3, 2023); *see Villanueva v. Proterra Inc.*, No. 23-cv-3519, 2023 WL 7003253, at *4 (N.D. Cal. Oct. 23, 2023)

("The movant with the largest financial interest need only make a prima facie showing of its typicality and adequacy."). Mr. Hasan clearly satisfies Rule 23's typicality and adequacy requirements.

           **i.**      **Mehdi Hasan's Claims Are Typical of Those of the Class**

The typicality requirement of Rule 23(a)(3) is met when a lead plaintiff movant suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues. *Welgus v. Trinet Grp., Inc.*, No. 15-cv-3625, 2015 WL 7770222, at *3 (N.D. Cal. Dec. 3, 2015) (typicality is satisfied by determining "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."). Here, Mr. Hasan satisfies the typicality requirement. Like all other Class members, he: (1) purchased Iovance securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by Defendants' misconduct, causing the price of Iovance stock to fall. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirements of Rule 23(a)(3). *See id.* at *3 (finding movant's claims typical where movant, like other class members, purchased the relevant securities and suffered losses as a result of defendants' misconduct). As such, Mr. Hasan's claims are typical of the Class's claims and meet Rule 23(a)(3)'s typicality requirement.

           **ii.**     **Mehdi Hasan Will Fairly and Adequately Protect the Interests of the Class**

The adequacy of the representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The Court, in assessing a lead plaintiff's adequacy, asks whether the plaintiff will fairly and adequately protect the interests of the class, as well as whether plaintiff and counsel have any conflicts of interest with other class members and will prosecute the action

vigorously." *Shnayder v. Allbirds, Inc.*, No. 23-cv-1811, 2023 WL 4771185, at *2 (N.D. Cal. July 25, 2023) (quotation marks and citation omitted); *see also Welgus*, 2015 WL 7770222, at *3.

Here, Mr. Hasan's interests are aligned with those of the other Class members and are not antagonistic in any way. Mr. Hasan incurred substantial financial harm due to Defendants' misrepresentations and omissions during the Class Period and, therefore, has a sufficient interest in the outcome of the action to ensure vigorous prosecution of the litigation. There are no facts to suggest any actual or potential conflict of interest between Mr. Hasan and absent Class members.

In addition, Mr. Hasan has provided information about his background and affirmed his commitment to fulfilling the fiduciary role of Lead Plaintiff. *See* Declaration of Mehdi Hasan, Kaplan Decl. Ex. D ¶¶ 2-3, 5. Specifically, Mr. Hasan is 52 years old, resides in Simi Valley, California, and has been investing for the past 25 years. *See id.* ¶ 3. Mr. Hasan determined to seek the role of Lead Plaintiff because he believes in the importance of this matter in that it alleges serious misconduct that caused substantial losses to investors. *See id.* ¶¶ 3-4. Mr. Hasan is aware of the fiduciary duties he will assume if appointed as Lead Plaintiff, including the selection and continued oversight of counsel, and he has already taken steps in directing counsel. *Id.* ¶¶ 5-9

In addition, Mr. Hasan has further demonstrated his adequacy through his selection of Saxena White to serve as Lead Counsel for the Class. As discussed below, Saxena White is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to effectively prosecute complex securities and shareholder litigation.

Thus, in addition to having the largest financial interest, Mr. Hasan also satisfies the typicality and adequacy requirements of Rule 23.

## C.    THE COURT SHOULD APPROVE MEHDI HASAN'S SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11. The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see Welgus*, 2015 WL 7770222, at *2 ("'[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should

generally defer to that choice.'") (quoting *In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009)); *see also Zymergen*, 2021 WL 12257357, at *1 ("'[T]he Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.'") (quoting *Cavanaugh*, 306 F.3d at 734).

Here, Mehdi Hasan has selected and retained Saxena White to serve as Lead Counsel for the Class. As set forth in its firm resume, Saxena White has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in securities class actions and other forms of complex shareholder litigation, including in this District. *See* Kaplan Decl., Ex. E (Firm resume of Saxena White). Saxena White, which maintains an office in California, has achieved substantial recoveries on behalf of investor classes when serving as lead counsel in securities class actions in this District and throughout the country. Saxena White's track record in securities litigation includes: the $55 million recovery for the investor class in *Leventhal v. Chegg, Inc.*, No. 5:21-cv-9953 (N.D. Cal.); the $28.5 million recovery in *In re FibroGen, Inc. Securities Litigation*, No. 3:21-cv-2623 (N.D. Cal.); the $20.25 million recovery in *Plumbers & Pipefitters Local Union #295 Pension Fund v. Caredx, Inc.*, No. 3:22-cv-3023 (N.D. Cal.) (pending final approval); the $210 million recovery in *In re Wilmington Trust Securities Litigation*, No. 10-cv-0990 (D. Del.); the $135 million recovery in *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, No. 1:17-cv-0304 (D. Colo.); the $73 million recovery in *In re Rayonier Inc. Securities Litigation*, No. 3:14-cv-1395 (M.D. Fla.); the $65 million recovery in *In re Apache Corp. Securities Litigation*, No. 4:21-cv-0575 (S.D. Tex.); the $63 million recovery in *Plymouth County Retirement System v. Patterson Cos. Inc.*, No. 0:18-cv-0871 (D. Minn.); the $53.3 million recovery in *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 1:04-cv-7644 (N.D. Ill.); the $50 million recovery in *In re HD Supply Holdings, Inc. Securities Litigation*, No. 1:17-cv-2587 (N.D. Ga.); the $35 million recovery in *City of Hollywood Police Officers' Retirement System v. Henry Schein, Inc.*, No. 19-cv-5530 (E.D.N.Y); the $31.9 million recovery in *In re Perrigo Company plc Securities Litigation*, No. 19-cv-70 (S.D.N.Y); the $30 million recovery in *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, No. 1:22-cv-10321 (D. Mass.); the $30 million recovery in *In re James River Holdings Ltd. Securities Litigation*, No. 3:21-cv-0444 (E.D. Va.); the $28 million recovery in *Sheet Metal Workers Local 19 Pension Fund v.*

*ProAssurance Corp.*, No. 2:20-cv-0856 (S.D. Ala.); the $28 million recovery in *Milbeck v. TrueCar, Inc.*, No. 2:18-cv-2612 (C.D. Cal.); the $28 million recovery in *Westchester Putnam Cntys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmore Prop. Grp., Inc.*, No. 16-cv-2400 (S.D.N.Y.); the $25 million recovery in *Plymouth County Retirement System v. GTT Commc'ns, Inc.*, No. 1:19-cv-00982 (E.D. Va.); the $23.5 million recovery in *Plymouth County Retirement System v. Evolent Health, Inc.*, No. 1:19-cv-1031 (E.D. Va.); the $18.25 million recovery in *In re Merit Systems, Inc. Securities Litigation*, No. 19-cv-2326 (C.D. Cal.); the $15.5 million recovery in *City of Birmingham Firemen's & Policemen's Supp. Pension Sys. v. Credit Suisse Group AG*, No. 17-cv-10014 (S.D.N.Y); and the $11 million recovery in *Kieppel v. Health Ins. Innovations, Inc.*, No. 19-cv-421 (M.D. Fla.).

Saxena White also has secured significant recoveries for injured shareholders through derivative litigation. For example, Saxena White achieved a $240 million settlement together with significant corporate governance reforms in a derivative action on behalf of Wells Fargo & Company—the largest insurance-funded monetary recovery in a shareholder derivative settlement in history. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 4:16-cv-5541-JST (N.D. Cal.). Saxena White also achieved a $180 million settlement in a derivative action involving a corruption and bribery scheme, one of the largest shareholder derivative settlements in history, in *Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*, No. 2:20-cv-4534 (S.D. Ohio).

By approving Mehdi Hasan's choice of Lead Counsel, this Court will also advance the important goal of increasing diversity among class counsel, so that the attorneys leading the case "reflect the diversity of the proposed national class." *In re Robinhood Outage Litig.*, No. 20-cv-1626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020); *see also In re Gildan Activewear Inc. Sec. Litig.*, No. 1:08-cv-5048, 2010 WL 11746218, at *1 (S.D.N.Y. Sept. 20, 2010) (because "proposed class includes thousands of participants, both male and female, arguably from diverse backgrounds, . . . it is therefore important to all concerned that there is evidence of diversity, in terms of race and gender, in the class counsel I appoint"). As a federally certified woman- and minority-owned firm specializing in representing injured investors as plaintiffs in securities litigation, Saxena White is committed to diversity.

NOTICE OF MOT., MOT., & MEM. ISO OF M. HASAN'S
MOT. FOR APP'T AS LEAD PLAINTIFF
CASE NO. 5:25-CV-04177-EKL

For example, Saxena White was selected by the Chief Judge of the Southern District of Ohio as Co-Lead Counsel in an important shareholder derivative action involving a corruption and bribery scheme, not only for its "impressive" and "considerable track record[] of successfully prosecuting shareholder derivative actions," but also for its "diverse team" that "best reflects the plaintiffs' diversity and is best suited to act on their behalf." *Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*, No. 2:20-cv-4534, 2020 WL 6710429, at *9 (S.D. Ohio Nov. 16, 2020). Saxena White would staff this litigation with a diverse team of qualified and capable attorneys that reflects the diversity of the Class.

Thus, the Court may be assured by granting this Motion that the Class will receive the highest caliber of representation. Accordingly, the Court should approve Mehdi Hasan's selection of Saxena White to serve as Lead Counsel for the Class.

## V.   CONCLUSION

For the foregoing reasons, Mehdi Hasan respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint him as Lead Plaintiff; (3) approve his selection of Saxena White to serve as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: July 14, 2025                        Respectfully submitted,

                                            */s/ David R. Kaplan*

                                            **SAXENA WHITE P.A.**
                                            David R Kaplan (SBN 230144)
                                            505 Lomas Santa Fe Drive, Suite 180
                                            Solana Beach, CA 92075
                                            Tel.: (858) 997-0860
                                            Fax: (858) 369-0096
                                            dkaplan@saxenawhite.com

                                            Lester R. Hooker (SBN 241590)
                                            7777 Glades Road, Suite 300
                                            Boca Raton, FL 33434
                                            Tel.: (561) 394-3399
                                            Fax: (561) 394-3382
                                            lhooker@saxenawhite.com

                                            Marco A. Dueñas (*pro hac vice* forthcoming)

10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Mehdi Hasan,*
*and Proposed Lead Counsel for the Class*

NOTICE OF MOT., MOT., & MEM. ISO OF M. HASAN'S
MOT. FOR APP'T AS LEAD PLAINTIFF
CASE NO. 5:25-CV-04177-EKL

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on July 14, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

*/s/ David R. Kaplan*
David R. Kaplan

NOTICE OF MOT., MOT., & MEM. ISO OF M. HASAN'S
MOT. FOR APP'T AS LEAD PLAINTIFF
CASE NO. 5:25-CV-04177-EKL