**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email:  lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*
*Additional counsel on signature page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BLINSKY, and DANIEL G. KIRBY,<br><br>　　　　　Defendants. | Case No. 5:25-cv-04177-EKL<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>Judge: Eumi K. Lee<br>Hearing: October 1, 2025<br>Time: 10:00 a.m.<br>Courtroom: 7 – 4th Floor |

[Additional caption on next page]

1

| | |
|---|---|
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BLINSKY,<br><br>Defendants. | Case No. 5:25-cv-04199-EKL<br><br>CLASS ACTION<br><br>Judge: Eumi K. Lee |

Lead Plaintiff Movants Lindy Merrill and Tony Djie ("Movants") respectfully submit this Memorandum of Law in Opposition to Competing Motions to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel.

**INTRODUCTION**

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), courts are to appoint as lead plaintiff "person or group of persons" with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In Mersho*, 6 F.4th 891, 896 (9th Cir. 2021); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

Here, ten motions were initially filed by movants seeking appointment as lead plaintiff and approval of lead counsel. Five movants remain.[1] Mr. Merrill and Mr. Djie have triggered the

---

[1] Five movants/movant groups have filed withdrawals or notices of non-opposition, noting that they do not appear to have the largest financial interest in the litigation. *See* Dkt. Nos. 55, 57, 63, 64, 66. One movant, Brian Paplaski, also submitted a short statement averring that he does not appear to have the largest financial interest in the litigation, but he has not withdrawn his motion. *See* Dkt. No. 65.

PSLRA's most adequate plaintiff presumption as they have the largest financial interest and satisfy the typicality and adequacy requirements of Rule 23.

First, under **all four** of the *Olsten-Lax* factors used in this District to determine movants' financial stake, Mr. Merrill and Mr. Djie have the greatest interest, having purchased and retained the most shares, expended the largest sum of funds, and incurred the greatest approximate loss. Moreover, Mr. Merrill individually has a larger financial interest than any of the competing movants. The chart below displays the factors as applied to the top three movants by total loss:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Funds Expended | Approx. Loss | Cite (Dkt. No.) |
|---|---|---|---|---|---|
| **1.Lindy Merrill & Tony Djie** | **2,870,000** | **1,983,750** | **$8,861,540** | **$5,199,667** | 56 |
| 1a. Lindy Merrill | **2,350,000** | **1,546,750** | **$6,012,357** | **$3,167,674** | 56-1 |
| 1b. Tony Djie | 520,000 | 437,000 | $2,849,182 | $2,031,992 | 56-1 |
| 2.Anthony Westfall[2] | 371,964 | 225,289 | $2,482,370 | $1,264,855[3] | 46 at *8 |
| 3.Iovance Investor Group | 330,085 | 243,583 | $1,542,937 | $1,198,550 | 36-3[4] |

Second, as set forth in their opening papers and in the attached declaration, Mr. Merrill and Mr. Djie have made a *prima facie* showing of adequacy and typicality under Rule 23, as their claims are representative of the class, and they have affirmed their cooperation and willingness to jointly carry out the responsibilities of class representative. *See* Dkt. Nos. 25-2, 25-3; Exhibit A to Rosen Dec.

---

[2] Mr. Westfall also purchased and sold 1,100 options contracts.
[3] This is Mr. Westfall's loss calculated under the Last-In-First-Out ("LIFO") methodology.
[4] The Iovance Investor Group did not provide *Lax-Olsten* factor numbers; the numbers in this chart were calculated by counsel using the loss chart at the cite.

Finally, the presumption that Movant is the "most adequate plaintiff" — *i.e.* the presumptive lead plaintiff — "may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Competing movants can offer no proof to rebut the presumption in favor of Mr. Merrill and Mr. Djie. For these reasons, the Court should grant Mr. Merrill and Mr. Djie's motion in its entirety and deny the competing lead plaintiff motions.

### ARGUMENT

### I. MR. MERRILL & MR. DJIE HAVE THE LARGEST FINANCIAL INTEREST

The Ninth Circuit has explained that the PSLRA provides a sequential statutory process that the district court must follow in selecting the lead plaintiff. *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely, the district court "must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Id.* at 732. Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id*.

To determine which movant has the greatest financial interest, courts in this District look to the *Olsten-Lax* factors, which are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Richardson v. TVIA, Inc.,* 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007). Some courts place the greatest emphasis on the final factor, approximate losses suffered. *See id.; Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *10 (N.D. Cal. Feb. 15, 2011) ("This [fourth and final factor] is the most determinative"); *In re Vicuron Pharma, Inc. Sec. Litig.,* 22 F.R.D. 508, 511 (E.D. Pa. 2004)

(appointing lead plaintiff based on amount of financial loss); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (same); *Varghese v. China Senghuo Pharm. Holdings, Inc.,* 589 F.Supp. 2d 388, 295 (S.D.N.Y 2008) ("financial loss, the last factor, is the most important element of the test.").

In this Court, the second factor, net shares purchased, has often been considered determinative of which movant has the largest potential recovery. *See In re Network Assocs., Inc. Sec. Litig.,* 76 F.Supp.2d 1017, 1027 (N.D. Cal. 1999) (concluding "the candidate with the most net shares purchased will normally have the largest potential damage recovery"); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009); *Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140MHP, 2008 WL 3925289, at *3 (N.D. Cal. Aug. 22, 2008) ("the court adopts the retained share methodology, which primarily looks to shares bought during the class period that are retained at the end of the class period."); *Mulligan v. Impax Lab'ys, Inc.*, 2013 WL 3354420, at *7 (N.D. Cal. July 2, 2013) (utilizing "retained shares" method); *Perlmutter*, 2011 WL 566814, at *6 ("looking exclusively to the number of shares purchased during the class period that are also retained at the end of the class period is likely the most accurate reflection of a plaintiff's potential damages."); *Pio v. Gen. Motors Co.*, No. CIV. 14-11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014) ("some courts have found the second factor-retained shares-to be the most determinative factor in approximating an investor's potential recovery.") (citing cases).

Some courts weigh all the factors. *See e.g., City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, No. 1:17-cv-1958, 2017 WL 6028213, at *2 (N.D. Ohio Dec. 5, 2017) ("As the approximate losses suffered is an element of the *Lax* test, this Court will weigh all four factors to select the lead plaintiff in this case. All four factors will be given equal weight."); *see also Pio v. Gen. Motors Co.*, No. CIV. 14-11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24,

5

2014) ("the first three factors provide the most objective measurement of a movant's stake in the litigation because the fourth factor is heavily dependent on the method applied and numbers chosen to calculate losses.").

Here, Mr. Merrill and Mr. Djie clearly have the largest financial interest under all the *Lax/Olsten* factors: (i) purchased 2,870,000 shares; (ii) retained 1,983,750 shares; (iii) expended a net sum of $8,861,540; and (iv) as a result, incurred losses of approximately $5,199,667.Additionally, Mr. Merrill individually, has a larger financial interest than any competing lead plaintiff movant. As such, whether looking at approximate total loss, greatest potential recovery, or weighing all the *Olsten-Lax* factors, Mr. Merrill and Mr. Djie have "the biggest stake, [and] the court must appoint [Mr. Merrill and Mr. Djie] as lead, unless it finds that [they do] not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 732.

## II. MR. MERRILL AND MR. DJIE ARE TYPICAL AND ADEQUATE

After determining which plaintiff has the greatest financial interest, the district court must then focus its attention on *that* plaintiff and determine, based on the information provided, whether he, she or it satisfies the requirements of Rule 23(a), in particular, those of typicality and adequacy. *Cavanaugh*, 306 F.3d at 730 (emphasis in original). "If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff." *Id.* at 732.

Here, Mr. Merrill and Mr. Djie have made a *prima facie* showing of adequacy and typicality under Rule 23. No competing movant has rebutted the presumption in favor of Movants. As explained in their opening papers, Mr. Merrill is a sophisticated business person and investor who owns and runs a homebuilding company in Beamont, Texas. Dkt. 24 at *8. Likewise, Mr.

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS TO APPOINT LEAD PLAINTIFF
AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL

Djie runs a manufacturing business, and is a sophisticated investor and businessperson. Dkt. 24 at *9.

Like all purported class members, Mr. Merrill and Mr. Djie allege that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading statements about Iovance's business. Consequently, Movants purchased Iovance securities at artificially inflated prices and was damaged thereby. These claims are premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class's claims. Mr. Merrill and Mr. Djie therefore satisfy the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999).

Mr. Merrill and Mr. Djie have each demonstrated their adequacy as class representatives by submitting sworn certifications affirming their willingness to serve as and carry out the responsibilities of class representative, including providing testimony at deposition and trial. Dkt. Nos. 25-2, 25-3. Furthermore, that Mr. Merrill and Mr. Djie constitute a two-person group does not affect their adequacy to represent the class - under Ninth Circuit precedent, courts in this District routinely approve of movant groups, especially where they are small and cohesive, as here. *See e.g. Pampena v. Musk,* 2023 WL 3082341, at *4 (N.D. Cal. Apr. 24, 2023) (writing that "the Ninth Circuit held that misgivings about how a group would work together do not cast genuine and serious doubt on the plaintiff's willingness or ability to perform the functions of lead plaintiff.") (citing *In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021)) (cleaned up); *Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *5 (N.D. Cal. Nov. 8, 2019) ("aggregation of the Group's two members is appropriate under the PSLRA.").  Just as in *Pampena*, Mr. Merrill and Mr. Djie have also signed a joint declaration attesting to their ability and willingness to coordinate and

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL

work together for the benefit of the class,. *See* 2023 WL 3082341, at *4; Exhibit A to Rosen Dec. They are therefore, as a group, adequate under the meaning of Rule 23 and the PSLRA.

Moreover, Courts have held, where, as here, an individual within a group, Mr. Merrill, individually has the largest financial interest, concerns about aggregation are non-issues. *See Doherty,* 2019 WL 5864581, at *6 ("Courts in the Ninth Circuit have held that it is not necessary for members of a group to aggregate themselves in order to overcome the largest financial interest requirement if one of the group's members could meet that requirement by itself.") (collecting cases).

Finally, the error relating to Movants' opening papers, which was a clerical error on the part of counsel for Movants and not an error on the part of Mr. Djie, (*see* Dkt. No. 56), is not relevant to evaluating adequacy under Rule 23 because "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement." *Khunt v. Alibaba Group Holdings Ltd.*, 102 F.Supp.3d 523, at 529, 538 (S.D.N.Y. 2015). Generally, courts will not find that an error renders a Lead Plaintiff atypical or subject to unique defenses unless there is "evidence of bad faith or intent to deceive the court or the parties*." In re Apple Inc. Sec. Litig.,* 2022 WL 354785, at *5 (N.D. Cal. Feb. 4, 2022). Here, there is no suggestion that Mr. Merrill and Mr. Djie acted with the intention to deceive, and the error was corrected promptly once discovered. S*ee* Dkt. No. 56. As such, should such an argument arise, the Court should rightly "disregard[] as trivial movants' arguments that typographical errors in their competitors' motions or certificates are meaningfully indicative of inadequacy." *In re Lyft Sec. Litig.*, 2020 WL 1043628, at *6 (N.D. Cal. Mar. 4, 2020).

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL

Based on their financial interest in the litigation and satisfaction of the Rule 23 requirements, Mr. Merrill and Mr. Djie's motion should be granted in its entirety. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff."). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mr. Merrill and Mr. Djie have selected Movants have selected Rosen Law as Lead Counsel. The firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation As the firm's resume reflects, Rosen Law is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 25-5. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country and has recovered hundreds of millions of dollars for investors. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen Law as the Number 3 securities class action firm both in terms of amount recovered for investors and the number of settlements. The firm therefore has the resources to prosecute this action aggressively.

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL

Rosen Law has been actively researching the Class's and Movants' claims, reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. As a result of the firm's experience in litigation involving issues similar to those raised in this action, Rosen Law has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Mr. Merrill and Mr. Djie's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### IV. THE COMPETING MOTIONS SHOULD BE DENIED

The competing lead plaintiff motions should be denied. As Mr. Merrill and Mr. Djie have the greatest financial interest in the litigation and satisfy the requirements of Rule 23, they should be appointed Lead Plaintiff without further analyses. Indeed, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Furthermore, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23.'" *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

### CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing Movants as Co-Lead Plaintiff of the Class; (2) approving Rosen Law as Lead Counsel;

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL

and (3) denying the competing movants' requests. For the Court's convenience, a proposed order reflecting Movants' request is lodged as Dkt No. 24-1.

Dated: July 28, 2025                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/Laurence M. Rosen
                                        Laurence M. Rosen, Esq. (SBN 219683)
                                        355 South Grand Avenue, Suite 2450
                                        Los Angeles, CA 90071
                                        Telephone: (213) 785-2610
                                        Facsimile: (213) 226-4684
                                        Email: lrosen@rosenlegal.com

                                        *[Proposed] Lead Counsel for Plaintiff and the Class*

                                        **THE SCHALL LAW FIRM**
                                        Brian Schall (290685)
                                        2049 Century Park East, Suite 2460
                                        Los Angeles, CA 90067
                                        Telephone: (310) 301-3335
                                        brian@schallfirm.com

                                        *Additional Counsel*

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On July 28, 2025, I electronically filed the following **MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.


Executed on July 28, 2025.


/s/Laurence M. Rosen

Laurence M. Rosen

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL