Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the Iovance Investor Group)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BILINSKY, and DANIEL G. KIRBY,<br><br>Defendants. | Case No. 5:25-cv-04177-EKL<br><br>**THE IOVANCE INVESTOR GROUP'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date: October 1, 2025<br>Time: 10:00 a.m. _____<br>Crtrm.: 7 – 4th Floor<br>Judge: Eumi K. Lee |
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BILINSKY,<br><br>Defendants. | Case No. 5:25-cv-04199-EKL |

IOVANCE INVESTOR GROUP'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS
Case No. 5:25-cv-04177-EKL

Plaintiff Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the "Iovance Investor Group") respectfully submit this memorandum of law in opposition to the nine other motions for appointment as lead plaintiff filed by competing lead plaintiff movants (Dkt. Nos. 15, 18, 21, 24, 28, 30, 39, 45, 46).[1] The Iovance Investor Group should be appointed as lead plaintiff because it is the *bona fide* movant with the largest financial interest, and it and its counsel are adequate to represent the class.

I.    INTRODUCTION

In addition to the Iovance Investor Group, nine other movants (or movant groups) filed motions for appointment as lead plaintiff and approval of counsel. However, six of the nine either withdrew their motions, filed notices informing the court that they do not oppose the competing motions, or filed responses conceding that they do not have the largest financial interest. *See* Dkt. Nos. 55, 57, 63, 64, 65, 66. As such, these movants have effectively abandoned their motions. *See In re Aqua Metals Sec. Litig.*, 2018 WL 4860188, at *1 n.2 (N.D. Cal. May 23, 2018) ("Plaintiff Singer elected not to file an opposition to the motions . . . . As a result, the Court deems his motion to have been abandoned and does not consider Plaintiff Singer in its analysis."); *see also Deora v. NantHealth, Inc.*, 2017 WL 3084161, at *2 n.2 (C.D. Cal. May 31, 2017) ("Though Listokin did not withdraw her Motion, based on her Notice of Non–Opposition to the Fontaine Movants' Motion, the Court DENIES her Motion."); *Foster v. Maxwell Techs., Inc.*, 2013 WL 5780424, at *3 (S.D. Cal. Oct. 24, 2013) ("On June 3, 2013, the Lai Family filed a notice of non-opposition with respect to the competing pending motions for appointment as lead plaintiff. . . . Accordingly, the Lai Family's motion to be appointed as lead plaintiff is DENIED."). Accordingly, only four movants are still seeking appointment as lead plaintiff: the Iovance Investor Group (Dkt. No. 35); Lindy Merrill and Tony Djie (the "Merrill/Djie Group," Dkt. No. 24); Anthony Westfall ("Westfall," Dkt. No. 46); and Mehdi Hasan ("Hasan," Dkt. No. 39).

The PSLRA directs the Court to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff. 15

---

[1] All lead plaintiff movants agree that the related actions should be consolidated. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that both (1) has the "largest financial interest in the relief sought by the class" and (2) satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Proceedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, the Iovance Investor Group has the second-largest financial interest behind only the Merrill/Djie Group. However, the Merrill/Djie Group has not demonstrated that it is adequate to represent the class. Specifically, the Merrill/Djie Group has not submitted a declaration (or other evidence) that it is a cohesive group, and it submitted an erroneous certification and loss calculation. Since the Merrill/Djie Group has not demonstrated that it is adequate, it has not established that it is the "presumptively most adequate plaintiff" to be appointed as lead plaintiff, despite the size of its loss.

Since the Iovance Investor Group has the next largest financial interest, and made the required demonstration of its adequacy and typicality (in part by submitting a joint declaration of its members), the Iovance Investor Group is the presumptively most adequate plaintiff. Since no other movant can prove that the Iovance Investor Group is inadequate or subject to unique defenses, the Iovance Investor Group should be appointed as lead plaintiff and its selection of counsel should be approved.

## II.    THE IOVANCE INVESTOR GROUP HAS THE SECOND LARGEST FINANCIAL INTEREST BEHIND THE MERRILL/DJIE GROUP

To identify the movant with the largest financial interest, "[m]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D.Ill. 2005)).

The Supreme Court has held that investors who sell their shares before the alleged corrective disclosure cannot establish loss causation with respect to those shares. *See Dura Pharms., Inc. v.*

*Broudo*, 544 U.S. 336, 342 (2005) ("[I]f . . . the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."). As such, courts in this Circuit often exclude such pre-disclosure losses from movants' loss calculations. *See, e.g.*, *In re Lyft Sec. Litig.*, 2020 WL 1043628, at *4 (N.D. Cal. Mar. 4, 2020); *Foster v. Maxwell Techs., Inc.*, 2013 WL 5780424, at *3 (S.D. Cal. Oct. 24, 2013). Here, the complaints in this action allege a corrective disclosure and resulting price decline on May 8, 2025. *See, e.g.*, Dkt. No. 1 ¶¶ 36-40. As such, shares purchased and then sold prior to May 8, should not be counted in the financial interest calculation. *See In re AudioEye, Inc. Sec. Litig.*, 2015 WL 13654027, at *5 (D. Ariz. Aug. 3, 2015) ("This Court will follow the Ninth Circuit cases that have held that, when calculating lead plaintiff movant's losses . . . any loss or gain on pre-disclosure sales will be disregarded.").

While Westfall claims a loss of $1,264,855 in his motion papers (*see* Dkt. No. 46-3), only $806,573 of that total is recoverable because Westfall sold most of his shares before the alleged corrective disclosure. Westfall purchased a total of 371,964 shares during the class period, but was holding only 159,189 of those shares by the time of the corrective disclosure. *See* Dkt. No. 46-3 (showing that Westfall held 225,289 shares at the end of the class period, but that 66,100 of those shares were purchased prior to the class period; 225,289 minus 66,100 is 159,189 class period shares retained). His loss on his retained shares is just $806,573.

When the corrected loss is used for Westfall, it is clear the Iovance Investor Group has the second largest financial interest as measured by the movants' respective losses:[2]

| Movant | Loss |
|---|---|
| Merrill/Djie Group | $5,184,575 |
| Iovance Investor Group | $1,198,551 |
| Westfall | $806,573 |
| Hasan | $576,501 |

Removing Westfall's unrecoverable losses from his calculation reveals that the Iovance Investor Group has the second largest loss, and therefore the second largest financial interest.

---

[2] The loss values in this chart may differ from the values submitted with the movants' motions because the values are normalized using the same 90-day average price to value loss on retained shares that was used in the Iovance Investor Group's loss analysis. *See* Dkt. No. 36-3.

## III.    THE MERRILL/DJIE GROUP IS NOT ENTITLED TO THE MOST ADEQUATE PLAINTIFF PRESUMPTION BECAUSE IT HAS NOT DEMONSTRATED THAT IT IS ADEQUATE

While the Merrill/Djie Group has the largest financial interest, the group is inadequate to represent the class because the group has not demonstrated that it is cohesive, and it submitted an inaccurate certification and loss analysis. As such, the Merrill/Djie Group has failed to establish that it is the presumptively most adequate plaintiff.

The Merrill/Djie Group failed to establish its adequacy because it did not submit evidence (such as a declaration) providing "information about its members, structure, and intended functioning" including "descriptions of its members . . . an explanation of how it was formed and how its members would function collectively; and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation." *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999) (citation omitted). In fact, the Ninth Circuit has recently endorsed reviewing groups' joint declarations for purposes of determining whether the group has established a *prima facia* showing of adequacy. *See In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021) ("Because Group II had the largest financial interest, the district court evaluated its pleadings and declaration and determined that Group II made a *prima facie* showing of adequacy and typicality."); *see also In re Versata, Inc., Sec. Litig.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (appointing a group in part because each member "submitted a declaration providing background information and articulating why the member is seeking lead plaintiff status as part of the asserted group").

Consistent with this, district courts routinely disqualify groups who did not submit joint declarations demonstrating the group's cohesiveness and therefore adequacy. *See, e.g.*, *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394 (S.D.N.Y. 2008) (rejecting group that provided "no evidentiary support attesting to its ability to work together and oversee the litigation apart from its lawyers"); *Ross v. Abercrombie & Fitch Co.*, 2007 WL 895073, at *3 (S.D. Ohio Mar. 22, 2007) ("[T]he Court deems the absence of any declaration or affidavit from members

---

IOVANCE INVESTOR GROUP'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS
Case No. 5:25-cv-04177-EKL                                                                                                4

of the Gianetti Group itself to be further evidence of the Group's inability to function as a cohesive unit."). The same result is warranted here with respect to the Merrill/Djie Group.

Moreover, the Merrill/Djie Group admits that it submitted an erroneous certification and loss calculation. *See* Dkt. No. 56. This further demonstrates that the Merrill/Djie Group has failed to establish that it is adequate to represent the class. *See Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (disqualifying a lead plaintiff movant in part due to "significant errors in the . . . loss calculation[]"); *Micholle v. Ophthotech Corporation*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (holding date and pricing errors in a movant's submission "militate against appointment and render him inadequate to serve as lead plaintiff"); *Nager v. Websecure, Inc.*, No. 1997 WL 773717, at *1 (D. Mass. Nov. 26, 1997) ("The inaccuracy may be explainable, but it casts sufficient doubt on Mr. Renzer's adequacy as a representative plaintiff."); *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) (movant's "careless errors weigh heavily against his appointment as lead plaintiff"); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) ("The Court thus finds that the errors in the Aroras' submissions further militate against appointment and render them inadequate to serve as lead plaintiff.") (internal quotation marks and brackets omitted).

Accordingly, the Merrill/Djie Group has failed to make the required *prima facia* showing that it is adequate to represent the class. As such, the group has failed to establish the presumption that it is the most adequate plaintiff to be appointed as lead plaintiff.

IV.    **THE IOVANCE INVESTOR GROUP SHOULD BE APPOINTED AS LEAD PLAINTIFF BECAUSE IT IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF AND THE PRESUMPTION HAS NOT BEEN REBUTTED**

The Iovance investor group satisfies the requirements to be the presumptively most adequate plaintiff. The Iovance Investor Group is the movant with the next largest financial interest. Also, unlike the Merrill/Djie Group, the Iovance Investor Group has submitted a declaration herewith (*see* Dkt. No. 36-4) attesting to its cohesion and adequacy. *See In re Aqua Metals Sec. Litig.*, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018) (appointing a group in part because it "demonstrated that it is fully capable of representing the class's interests effectively" by submitting a joint declaration

affirming that the members are committed to "maximizing recovery for the class," "ensur[ing] that lead counsel works expeditiously and effectively," and "maintaining communication"). As such, the most adequate plaintiff presumption falls to the Iovance Investor Group. *See In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002) ("If . . . the district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy.").

Since no movant can rebut the presumption that the Iovance Investor Group is the most adequate plaintiff, the Iovance Investor Group should be appointed as lead plaintiff, and its selection of counsel should be approved.

## V.    CONCLUSION

For the foregoing reasons, the Iovance Investor Group respectfully requests that the Court enter an Order: (1) consolidating the related actions; (2) appointing the Iovance Investor Group as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) denying the competing motions.

DATED:  July 28, 2025                    Respectfully submitted,

                                            **GLANCY PRONGAY & MURRAY LLP**

                                            By:    */s/ Charles H. Linehan*
                                            Robert V. Prongay
                                            Charles H. Linehan
                                            Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movants Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the Iovance Investor Group)*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**<u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On July 28, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 28, 2025, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan