Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the Iovance Investor Group)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BILINSKY, and DANIEL G. KIRBY,<br><br>Defendants. | Case No. 5:25-cv-04177-EKL<br><br>**THE IOVANCE INVESTOR GROUP'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date: October 1, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 7 – 4th Floor<br>Judge: Eumi K. Lee |
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BILINSKY,<br><br>Defendants. | Case No. 5:25-cv-04199-EKL |

Only the Merrill/Djie Group[1] has a larger financial interest than the Iovance Investor Group. However, the Merrill/Djie Group should be disqualified as inadequate to represent the class because it both submitted erroneous transaction and loss information, and failed to demonstrate that it is a cohesive group.  The Iovance Investor Group has the next largest financial interest (loss) and is therefore entitled to the presumption that it is the most adequate plaintiff to be appointed as lead plaintiff. Since no movant has attempted to rebut the presumption, the Iovance Investor Group should be appointed as lead plaintiff and its selection of counsel should be approved.

I.    **THE MERRILL/DJIE GROUP SHOULD BE DISQUALIFIED FROM CONSIDERATION FOR APPOINTMENT AS LEAD PLAINTIFF**

The Merrill/Djie Group should be eliminated from consideration for appointment as lead plaintiff because it submitted an erroneous certification and loss calculation. *See* IIG Opp. at 4-5. In fact, competing movant Westfall identified the same issues, noting that "Merrill and Djie overstated their investment losses by approximately $422,800" and "failed to disclose all of Djie's Class Period transactions." *See* Westafll Opp. at 6 (emphasis removed). Another lead plaintiff movant, Hasan, similarly pointed out that "The Merrill & Djie Group's failure to discover and remedy such error before the July 14, 2025 Lead Plaintiff deadline calls into question the group's ability to adequately represent the Class under Rule 23 of the Federal Rules of Civil Procedure." *See* Dkt. No. 71 at 4. The Merrill/Djie Group's errors are disqualifying. *See Camp v. Qualcomm Inc.*, 2019 WL 277360, at \*3 (S.D. Cal. Jan. 22, 2019) (disqualifying a lead plaintiff movant based in part on the movant's errors).

The Merrill/Djie Group should also be disqualified because it has failed to demonstrate that it is a cohesive group, capable of adequately representing the class. *See* IIG Opp. at 4. Indeed, movant Westfall identified the same issue, noting that the Merrill/Djie Group did not make "any

[1] All capitalized terms herein are as defined in the Iovance Investor Group's opposition memorandum (Dkt. No. 70, "IGG Opp."). The Iovance Investor Group submits this reply memorandum of law in further support of its motion for consolidation of related actions, appointment as lead plaintiff, and approval of lead counsel (Dkt. No. 35), and in reply to the oppositions to its motion filed by the Merrill/Djie Group (Dkt. No. 68) and Westfall (Dkt. No. 67, "Westfall Opp."). All other movants have effectively abandoned their motions by withdrawing them or filing notices of non-opposition. *See* Dkt. Nos. 55, 57, 63, 64, 65, 66, 71.

attestations that they understand the responsibilities of a lead plaintiff and are ready to undertake those responsibilities on the Class's behalf" and "told the Court nothing about how they intend to coordinate their efforts." Westfall Opp. at 9-10 (emphasis removed). This demonstrated lack of group cohesion amplifies the adequacy concerns raised by the Merrill/Djie Group's erroneous transaction records and loss calculation.

The Merrill/Djie Group's belated joint declaration (Dkt. No. 69-1, the "M/D Decl.") does not compel a different result. *See Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018) (disqualifying a group that "belatedly submitted a supplemental joint declaration as part of its opposition brief," noting that failure to include the information with their initial motion "could, by itself, be a basis for denying lead plaintiff status"). In fact, the content of the declaration further demonstrates the Merrill/Djie Group's inadequacy. While Djie signed the declaration on July 13, 2025, the day before the Merrill/Djie Group's lead plaintiff motion was filed, Merrill did not sign the declaration until July 21, 2025, one week after the filing of the lead plaintiff motion that the declaration purported to support. *See* M/D Decl. at 5-6. The Merrill/Djie Group does not explain this delay, which belies the Merrill/Djie Group's representation in their joint declaration that they "will remain available to counsel and each other as needed to fulfill our role as Co-Lead Plaintiffs." *See* M/D Decl., ¶ 8. A movant group that cannot timely file a simple declaration is not adequate to represent the class. *See Smyth v. China Agritech, Inc.*, 2013 WL 12136605, at *6 (C.D. Cal. Sept. 26, 2013) (disqualifying a group in part because their counsel "could not obtain new declarations because the members of the Kim Group were 'unavailable'").

## II. THE IOVANCE INVESTOR GROUP IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF

Since the Merrill/Djie Group should be eliminated from consideration, the Iovance Investor Group is entitled to the presumption that it is the most adequate plaintiff to be appointed as lead plaintiff because it has the next largest financial interest of any movant. *See In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002) ("If . . . the district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and

adequacy."). While Westfall claims a loss of $1,264,855 (*see* Dkt. No. 46-3) only $806,573 of that loss is actually potentially recoverable since Westfall sold most of his shares prior to the alleged corrective disclosure. *See* IIG Opp. at 2-3; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) ("[I]f . . . the purchaser sells the shares . . . before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."); *see also In re Lyft Sec. Litig.*, 2020 WL 1043628, at *4 (N.D. Cal. Mar. 4, 2020).

The fact that the Iovance Investor Group is a group and Westfall is an individual does not impact the comparative financial interest analysis, where the only consideration is relative financial loss. *See China Agritech, Inc. v. Resh*, 584 U.S. 732, 742 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups . . . ."); *In re Versata, Inc., Sec. Litig.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (holding "under appropriate circumstances small groups, whether or not they have any pre-litigation relationship, can aggregate their financial losses" and appointing a group of 3 where each group member had a smaller loss than another individual movant); *In re Paysafe Ltd.*, No. 2022 WL 1471122, at *5 (S.D.N.Y. May 10, 2022) (holding "Viani and Price have the largest financial interest because they suffered combined losses of approximately $3,819,459" where "Viani personally suffered a loss of approximately $2.54 million and Price personally suffered a loss of approximately $1.27 million" even though the competing movant lost "$2,902,048").

Since the Iovance Investor Group has the largest financial interest of the remaining movants, filed a timely motion, and has demonstrated that it is adequate and typical, it is the presumptively most adequate plaintiff.

## III.    NO MOVANT HAS REBUTTED THE PRESUMPTION THAT THE IOVANCE INVESTOR GROUP IS THE MOST ADEQUATE PLAINTIFF

The presumption that the Iovance Investor Group is the most adequate plaintiff may be rebutted only upon "proof" that the Iovance Investor Group "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has even suggested that the Iovance Investor Group is inadequate or subject to unique defenses. In fact, Westfall, the movant

with the next largest financial interest after the Iovance Investor Group, notes that "courts generally only appoint groups that have submitted a joint declaration or otherwise demonstrated that its members understand the significance of moving jointly for appointment as lead plaintiffs." Westfall Opp. at 10. The Iovance Investor Group did exactly this, demonstrating its adequacy and cohesion by submitting a joint declaration attesting to the members' sophistication and commitment to the zealous prosecution of this action on behalf of the class. *See* Dkt. No. 36-4. Accordingly, the presumption that the Iovance Investor group is the most adequate plaintiff has not been rebutted.

## IV.    CONCLUSION

For the foregoing reasons, the Iovance Investor Group respectfully requests that the Court grant its motion and enter an Order: (1) consolidating the related actions, (2) appointing the Iovance Investor Group as lead plaintiff; and (3) approving the Iovance Investor Group's selection of Glancy Prongay & Murray LLP  as lead counsel for the class.

DATED:  August 4, 2025                Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:    */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movants Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the Iovance Investor Group)*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On August 4, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 4, 2025, at Los Angeles, California.

/s/ Charles H. Linehan
Charles H. Linehan

IOVANCE INVESTOR GROUP'S REPLY IN SUPPORT OF ITS LEAD PLAINTIFF MOTION
Case No. 5:25-cv-04177-EKL