**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiffs and the Class*
*Additional counsel on signature page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BLINSKY, and DANIEL G. KIRBY,<br><br>Defendants. | Case No. 5:25-cv-04177-EKL<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO APPOINT CO-LEAD PLAINTIFFS AND APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>Judge: Eumi K. Lee<br>Hearing: October 1, 2025<br>Time: 10:00 a.m.<br>Courtroom: 7 – 4th Floor |

[Additional caption on next page]

1

| | |
|---|---|
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BLINSKY,<br><br>Defendants. | Case No. 5:25-cv-04199-EKL<br><br>CLASS ACTION<br><br>Judge: Eumi K. Lee |

Lead Plaintiff Movants Lindy Merrill and Tony Djie ("Movants") respectfully submit this Reply Memorandum of Law, in further support of their Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel.

Of the ten movant parties that initially moved to be appointed as lead plaintiff in this putative securities class action, four - Mr. Merrill and Mr. Djie, the Iovance Investor Group, Anthony Westfall, and Mehdi Hasan - remain. Of the four remaining movants, Mr. Merrill and Mr. Djie have far and away the largest financial interest in this matter, regardless of what calculation method is employed. No movant disputes that fact. Indeed, Mr. Merrill and Mr. Djie have a greater net loss than the rest of the remaining movants combined. The concerns raised by opposing movants regarding Mr. Djie and Mr. Merrill's adequacy, meanwhile, are both attenuated and equally applicable to competing movants, and Courts in this Circuit uniformly reject such arguments in evaluating lead plaintiff movant adequacy.

As a preliminary matter, no competing movant has rebutted Movants' assumption of adequacy and typicality. Mr. Merrill is a sophisticated businessman and investor who owns and runs a homebuilding company and owns a 96-unit apartment complex. Mr. Djie is also a

sophisticated investor and businessman who runs a manufacturing business. Both Movants have ample experience overseeing counsel. No competing movant has rebutted *with proof* Movants' presumption of adequacy and typicality.

Because Mr. Merrill and Mr. Djie have the greatest financial interest in this litigation, and are otherwise well-qualified to represent the class, the PSLRA requires that the Court appoint them as lead plaintiffs for the class.

## ARGUMENT

### I.  MR. MERRILL & MR. DJIE ARE A PROPER GROUP

In 2021, the Ninth Circuit held in *In Re Mersho* that movant groups and individuals share an equal presumption of adequacy under the PSLRA. *See* 6 F.4th 891, 901 (9th Cir. 2021). District courts operating under this precedent have uniformly confirmed this interpretation, with one Court noting that "in <u>Mersho</u>, the Ninth Circuit held that the district court erred by not giving effect to the presumption of lead plaintiff, and by basing its decision on its own misgivings even though the only evidence it acknowledged—the Petitioners' joint declaration—contradicted such conclusions." *Pampena v. Musk*, 2023 WL 3082341, at *4 (N.D. Cal. Apr. 24, 2023) (citing *In re Mersho,* 6 F.4th at 901) (cleaned up).

Contradictory precedents cited by Mr. Westfall predate *In Re Mersho*, and are therefore inapposite. *See In re Stitch Fix, 3*93 F. Supp. 3d at 835 (N.D. Cal. 2019)*; Bodri v. GoPro, Inc.,* 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016)*; In re Silicon Storage Tech., Inc.,* 2005 WL 8186824, (N.D. Cal. May 3, 2005). The lone exception is *Lako v. Loandepot, Inc.*, in which the Court disqualified a movant group for a litany of reasons related to typicality and adequacy, only one of which was that the group appeared to be aggregated only for the purposes of securing the largest financial interest. Put differently, no group member in *Lako* individually had the greatest

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO APPOINT CO-LEAD PLAINTIFFS AND APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL

loss. *See* 2022 WL 1314463 at \*5-6 (C.D. Cal. May 2, 2022) (further holding that many of the group members were individually atypical). Because Mr. Merrill individually has a loss far higher than any other movant, that issue is not relevant here. *See*, *Ohio Public Employees Retirement System v. Meta Platforms, Inc.*, 2022 WL 3571995, at \*4 (N.D. Cal. July 26, 2022) (Appointing an unrelated group as lead plaintiff because one of its members individually had the largest loss) (*citing Huang v. Depomed,* 289 F. Supp. 3d 1050, 1054 (N.D. Cal. 2017) ("[E]ven if the DIG group is disaggregated, one of its members – Scarpatetti – still has the highest loss. Had Scarpatetti sought lead plaintiff status on his own, he would have achieved it. Therefore, to appoint Pontiac because of the DIG group's alleged deficiencies would effectively be to penalize Scarpatetti because he joined DIG. The Court fails to see how that outcome furthers any goal of the PSLRA."))

In addition, both Mr. Westfall and the Iovance Investor Group complain that Movants did not submit a joint declaration. Mr. Merrill and Mr. Djie have, along with their opposition papers, submitted their declaration to reinforce the pre-existing presumption that they are willing and able to represent the class together, and that they are aware of their duties and responsibilities as Lead Plaintiffs. Dkt. No. 69-1. The filing of the aforementioned declaration with Movants' opposition brief moots that issue. "Although courts frequently require groups of plaintiffs to submit evidence on this point, the PSLRA does not require that any such evidence be submitted with the initial motion." *In re Blue Apron Holdings, Inc. Sec. Litig.*, 17-CV-4846 (WFK) (PK), at \*4 (E.D.N.Y. Dec. 15, 2017) (finding "the timing of [a movant group's] submission is too thin a reed for this [lead plaintiff] decision to turn on."). Indeed, courts across the country appoint lead plaintiff groups based not on the timing of the submission of their joint declaration, but its contents. *See Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (appointing movant

group whose members submitted a joint declaration only after filing their initial motion papers); *Robb v. Fitbit Inc.*, No. 16-cv00151-SI, 2016 WL 2654351, at *4 n.7 (N.D. Cal. May 10, 2016) ("finding no reason to exclude [movant group's] joint declaration filed in support of its opposition", noting that "[b]riefing on the motion was ongoing, and the other [movants] had the opportunity to address the joint declaration in their replies[.]"); *Adote v. Plug Power Inc.*, 2024 WL 4870325, at *4 (N.D.N.Y. Nov. 22, 2024) (appointing unrelated movant group who submitted a joint declaration with their opposition papers because the movant group "established to the Court both a significant financial interest, as well as the workable methodology for proceeding forward in the best interests of the class."). Here, Movants' joint declaration specifically sets out that the pair are sophisticated investors, discussed the case prior to filing the lead plaintiff motion, understand their duties as lead plaintiffs, and will work together to oversee counsel and protect the interests of the class.

Furthermore, Mr. Merrill and Mr. Djie now submit an additional joint declaration, reaffirming that they are in active communication with each other and are dedicated to representing the putative class as a team. *See* Ex. A to Rosen Decl. As such, Mr. Merrill and Mr. Djie form a proper investor group under the PSLRA, and their status as joint movants does not affect their presumed adequacy.

## II. MR. MERRILL & MR. DJIE ARE ADEQUATE

Absent evidence of either bad faith or an intent to deceive the court or the parties, courts generally will not consider an error by a lead plaintiff as rendering that lead plaintiff inadequate. *See In re Apple Inc. Sec. Litig.*, 2022 WL 354785, at *5 (N.D. Cal. Feb. 4, 2022) (so holding at the class cert stage, and citing *In re SLM Corp. Sec. Litig.*, 2012 WL 209095, at *8 (S.D.N.Y. Jan. 24, 2012)). Here, there is no evidence put forth by any competing movant that Mr. Merrill and

5

Mr. Djie acted in bad faith or intended to deceive. Courts may further consider whether a lead plaintiff movant's error has prejudiced the other lead plaintiff movants. *See Silverberg v. DryShips Inc.*, 2018 WL 10669653, at *3 (E.D.N.Y. Aug. 21, 2018) ("the corrections to the certification do not prejudice any party to this litigation, or any lead plaintiff movant[.]").

As Mr. Merrill and Mr. Djie claim by far the loss in this matter, and their corrected loss calculation has not changed that fact, the other lead plaintiff movants cannot reasonably be said to have been prejudiced – the analysis of which movant has the greatest financial interest is substantively identical under either loss calculation.[1] Moreover, Mr. Merrill and Mr. Djie submitted their corrected loss chart well before the date that competing movants were to submit opposition briefs, thereby obviating any procedural prejudice that would result from the correction to Movants' opening papers. S*ee* Dkt. No. 56.

Movants further caution Mr. Westfall against casting aspersions over Movants' minor accounting mistakes – which Movants quickly corrected of their own accord – when Mr. Westfall's own papers contain much more serious accounting errors. Mr. Westfall alleges in his opening and opposition papers that he lost approximately $1,264,855. Dkt. No. 46-3, 67. However, this loss figure includes sales that were sold prior to the corrective disclosure. Courts in this jurisdiction, following *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005), have expressly disallowed including losses resulting from shares sold prior to any corrective disclosure in loss calculations. *See Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *5 (N.D. Cal. Aug. 30, 2021)

---

[1] Additionally, the movant group in *In re Mersho* that was initially wrongfully rejected by the district court also submitted papers with minor errors. Following the Ninth Circuit's order overturning the district court's initial rejection, the movant group was appointed lead plaintiff, minor errors notwithstanding. *See, Borteanu v. Nikola Corporation et al.*, Case No. 2:20-cv-01797, Dkt. No. 81 (D. Ariz.) (appointing unrelated movant group as lead plaintiff following Ninth Circuit's order).

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO APPOINT CO-LEAD PLAINTIFFS AND APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL

("In response to *Dura*, many district courts—including this one—have chosen 'not to consider losses resulting from stock trades that occurred prior to any disclosure of the defendant's fraud' when evaluating potential plaintiffs' financial interests in the litigation.").

When not considering losses resulting from shares sold prior to the corrective disclosure, Mr. Westfall's loss figure is closer to $777,852.86. In other words, Mr. Westfall inflated his losses by more than $487,002, or 62%[2] of his actual losses – a much greater error than the 8% overstatement in Movants' initial calculations that Mr. Westfall argues is disqualifying. And whereas Movants promptly took action to address the slight error on their own initiative, Mr. Westfall has not addressed this grave error in his own opening or opposing briefs. As such, any such criticism leveled toward Mr. Merrill and Mr. Djie applies with equal, if not greater, force toward Mr. Westfall.

Finally, as to Mr. Westfall's argument that Movants did not use the lookback price to calculate their losses, the sum in question here is even smaller than the accounting error that Movants corrected. Mr. Westfall states in his opposition that the failure to use the lookback price resulted in Movants overstating their losses by $13,189 – a delta of 0.25%. Furthermore, counsel for Mr. Westfall – Pomerantz LLP – have not raised any such concerns in other cases where they worked with counsel for Movants to seek joint appointment. *See*, *e.g.*, *Klein v. Walgreens Boots Alliance, Inc., et al.*, Case No. 1:25-cv-01058 (N.D. Ill.); *Carew v. Lifecore Biomedical Inc., et al.*, 0:24-cv-03028-JWB-JFD (D. Minn.). As such, Mr. Westfall's argument is unavailing – the difference in loss represents less than a 1% of Movants' total losses, and this is an opportunistic

---

[2] The 62% inflation is under LIFO. Under FIFO, the error becomes even more pronounced. Mr. Westfall alleges in his opening papers that he lost $1,538,432 under FIFO, but when discounting losses resulting from shares sold prior to the corrective disclosure, he only lost $341,524.00 – an overstatement of $1,196,908, or **over 350%**.

argument raised by Mr. Westfall's counsel when in prior cases they raised no issues concerning such accounting practices.

In total, competing movants have not carried their burden to show that Mr. Merrill and Mr. Djie are inadequate lead plaintiff movants under the PSLRA. As Mr. Merrill and Mr. Djie have the greatest financial interest in this litigation, and are otherwise qualified to lead the putative class, the Court should appoint Movants as Co-Lead Plaintiffs for the Class, and approve of their choice of Lead Counsel.

### **CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing Movants as Co-Lead Plaintiff of the Class; (2) approving Rosen Law as Lead Counsel; and (3) denying the competing movants' requests. A proposed order reflecting Movants' request is lodged as Dkt. No. 24-1.

Dated: August 4, 2025                     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiffs and the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067

8

Telephone: (310) 301-3335
brian@schallfirm.com

*Additional Counsel*

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO APPOINT CO-LEAD
PLAINTIFFS AND APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL – Case No. 5:25-cv-
04177-EKL

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On August 4, 2025, I electronically filed the following **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO APPOINT CO-LEAD PLAINTIFFS AND APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.


Executed on August 4, 2025.



/s/Laurence M. Rosen

Laurence M. Rosen

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO APPOINT CO-LEAD PLAINTIFFS AND APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL – Case No. 5:25-cv-04177-EKL