Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the Iovance Investor Group)*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARTHIK TRICHUR SUNDARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, IGOR P. BILINSKY, and DANIEL G. KIRBY,<br><br>    Defendants. | Case No. 5:25-cv-04177-EKL<br><br>**THE IOVANCE INVESTOR GROUP'S OPPOSITION TO THE ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ANTHONY WESTFALL FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date: October 1, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 7 – 4th Floor<br>Judge: Eumi K. Lee |
| DIMITRY FARBEROV, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>IOVANCE BIOTHERAPEUTICS, INC., FREDERICK G. VOGT, JEAN-MARC BELLEMIN, and IGOR P. BILINSKY,<br><br>    Defendants. | Case No. 5:25-cv-04199-EKL |

The Iovance Investor Group[1] submits this memorandum of law in opposition to Westfall's motion for leave to file a sur-reply (Dkt. No. 81, "Motion for Leave").

To justify his Motion for Leave, Westfall falsely claims that he "has not previously had an opportunity to respond" to the argument that his loss is overstated according to the "loss-causation principles articulated in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) and its progeny." *See* Motion for Leave at 1. In reality, the Iovance Investor Group made this argument in its opposition to Westfall's motion. *See* Dkt. No. 70 at 3-4 ("While Westfall claims a loss of $1,264,855 in his motion papers . . . only $806,573 of that total is recoverable because Westfall sold most of his shares before the alleged corrective disclosure.") (citing *Dura* and its progeny). As such, the place to respond to this argument was in Westfall's reply memorandum (Dkt. No. 80). However, Westfall declined to respond to arguments regarding the applicability of *Dura* and in fact did not even cite *Dura* in his reply memorandum. *See* Dkt. No. 80.

Now, purportedly in response to the Merrill/Djie Group's reply memorandum, Westfall seeks to file a sur-reply to introduce new arguments regarding the applicability of *Dura* to his loss calculation. *See* Dkt. No. 81-3 at 4-5 (claiming "the appropriateness of employing *Dura* analysis at the lead plaintiff stage is subject to considerable dispute" and "the complaints . . . do ***not*** simply allege that Class members were harmed ***only*** by the corrective disclosure currently pleaded in the complaints") (emphasis in original). However, because Westfall's arguments regarding the applicability of *Dura* should have been raised (if at all) in his reply, Westfall's proposed sur-reply is not an appropriate place to raise such arguments. *See Homyk v. ChemoCentryx, Inc.*, 2024 WL 1141699, at *7 n.2 (N.D. Cal. Mar. 6, 2024) ("The arguments . . . [in] Plaintiff's reply brief were not new and the Court denies the request to file a sur-reply as to those arguments.").

Moreover, counsel for Westfall did not confer with counsel for the Iovance Investor Group prior to filing the motion for leave. Westfall's counsel justifies excluding the Iovance Investor Group's counsel on the purported basis that the Merrill/Djie Group are "the only parties affected by the Sur-Reply Motion." Dkt. No. 81-2, ¶ 2. That is not the case as the proposed sur-reply raises

---

[1] All capitalized terms herein are as defined in the Iovance Investor Group's opposition memorandum (Dkt. No. 70)

new arguments regarding *Dura* in response to arguments the Iovance Investor Group raised in its opposition memorandum.

For these reasons, Westfall's Motion for Leave should be denied.

DATED:  August 11, 2025

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:    */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movants Dimitry Farberov, JianJun Wei, and Hassan Pourhossein (the Iovance Investor Group)*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On August 11, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 11, 2025, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan